THE PORT HURON & SOUTH-WESTERN RAILWAY CO. v. GEO.
P. VOORHEIS AND HENRY MARX.

*Right of way — Condemnation proceedings — Damages — Admission of evidence—Conclusions of fact—Averment of title.*

Where proceedings are taken to condemn a portion of a city lot for a railroad right of way, and the lot is part of a homestead lying on both sides of an alley, the award of damages cannot be confined to the land actually taken, but must cover such actual injury as is done to the entire homestead, including the easement in the alley.

Commissioners in proceedings to condemn land for railway uses are judges of the law as well as of the facts.

An appeal from the judgment of a probate court in confirming the award of commissioners in proceedings to condemn land for railway purposes brings before the Supreme Court the entire case as presented to the judge of probate.

Proceedings to condemn land for railway uses are special and unlike ordinary trials at law; the inquest may be conducted by commissioners or a jury without the aid of counsel, so that the practice must be simple and a large discretion allowed in admitting or rejecting testimony.

Rulings on the admission of testimony in proceedings by commissioners or a jury for the condemnation of lands for railroads, will not be reviewed on appeal to the Supreme Court unless they have done substantial injustice.

The finding in proceedings to condemn land that the taking thereof is necessary is conclusive if there is evidence to support it.

The award of damages in proceedings to condemn land is conclusive unless the authorities making it have not misconceived the law and have fully considered all the essential elements of the injury done to the land-holder.

The title of a land-holder cannot be litigated in proceedings before commissioners to condemn the land for railway purposes; and his aver-

ment, in answer to the petition for the condemnation of a particular lot, that this and certain other specified lots, lying together, constituted his homestead and that he occupied them as such, was *held* sufficient to raise the question of injury to the contiguous lots.

Appeal from the Probate Court of St. Clair County. (Avery, P. J.)    April 19.—June 6.

Proceedings to condemn land. Claimant appeals. Order confirming award set aside.

*O'Brien J. Atkinson* for petitioner. Respondent in proceedings to condemn land should raise the issue of his ownership and use, as an entirety, of the property which he claims is injured by the proceedings: Mills Eminent Domain § 167; *Jones v. Chicago Railroad* 68 Ill. 380; *Mix v. Lafayette R. R.* 67 Ill. 319; in Kansas the question was raised by counter petition, where the petition only described 160 acres out of a ranch of 960 acres occupied as one farm: *Kansas City Rd. v. Merrill* 25 Kan. 421: 2 Am. & Eng. R. R. Cas. 485; a general finding of damages is sufficient where all elements are taken into account: *Atch. Top. & Santa Fé R. R. v. Blackshire* 10 Kan. 489; *Mich. Air Line Ry. v. Barnes* 44 Mich. 224; the commissioners before whom the proceedings are taken pass on the whole subject including joint ownership and occupancy: Act 198 of 1873 art. ii. sec. 21; *St. Paul &c. R. R. v. Murphy* 19 Minn. 514.

*Geo. P. Voorheis* and *William T. Mitchell* for respondent appellant. The owner of land condemned for railway purposes is entitled to damages for the resulting depreciation of the whole property occupied by him as a homestead and the damages cannot be confined to the particular portion condemned: *Sheldon v. Minneapolis & St. Louis Ry.* 29 Minn. 318; *Wilmes v. Minneapolis & Northwestern Ry.* id. 242; *Welch v. Mil. & St. Paul R. R.* 27 Wis. 108; the measure of damages is the difference between what the property would have sold for before condemnation and what it will sell for afterwards: *East Penn. R. R. Co. v. Hottenstine* 47 Penn. St. 28; *Somerville Easton R. R. v. Doughty* 22 N. J. L. 501; *Bangor & Piscataquis R. R. v.*

*McComb* 60 Me. 290; *White Water Valley R. R. v. McClure* 29 Ind. 536; alleys are not public highways (*Bagley v. People* 43 Mich. 355) and the public have not the same rights in them as in highways (*Paul v. Detroit* 32 Mich. 111), and if all adjacent owners close the alley the public is not injured: *People v. Jackson* 7 Mich. 451; an alley closed at one end, or a cul-de-sac, is not a public highway but an easement appurtenant to the lots of adjacent owners: *Tillman v. People* 12 Mich. 401; the title of an adjacent owner is presumed to extend to the middle of the alley: *Cuming v. Prang* 24 Mich. 514; *Higbee v. C. & A. R. R.* 19 N. J. Eq. 276; *Perrin v. N. Y. Cent. R. R.* 36 N. Y. 120; and such a right cannot be condemned without compensation: *Grand Rapids & Ind. R. R. v. Heisel* 38 Mich. 71; *Stone v. Fairbury R. R.* 68 Ill. 394; *Imlay v. Union Branch R. R.* 26 Conn. 249; *Starr v. Camden R. R.* 4 Zab. 592; *Morris & Essex R. R. v. Newark* 2 Stockt. 352.

SHERWOOD, J. The record in this case brings before us for review proceedings in probate court, on the part of the Port Huron & Southwestern Railway Company, to condemn certain lands of the respondent, George P. Voorheis, and in which Henry Marx held a mortgage in trust, lying in the city of Port Huron, for right of way and depot grounds, under the general railroad law of the State. The respondent Voorheis appeals.

The respondent's damages and compensation were found and assessed by commissioners; and all irregularities, if any, in the proceedings up to and including the appointment of commissioners are waived by the express stipulation of the parties, so that only the proceedings by the commissioners in making this assessment and award, and the action of the probate court in confirming the same, are now open for our consideration. The record in the case is full and contains all the proceedings had and evidence taken, from which it appears that the respondent owned and occupied lots 4, 5, 6, and 13, 14 and 15, in block two of the commissioners' plat of that portion of the estate of Simon Petit, in section sixteen, in the city of Port Huron, and had his resi-

dence thereon. On the east and north sides of lots 13, 14 and 15, there are alleys platted, but the record does not show they have been accepted by the city. The lots all lie contiguous to each other, and were intended by respondent for his homestead. The house is situated on lots 4 and 5, and barn on 14. The land sought to be condemned is a strip forty feet wide, extending across the north side of lot 15, and next south of the alley. To obtain the land desired, before filing the petition, the company had offered or tendered the sum of three hundred dollars, which was refused.

The petition in describing the land sought to be taken, and for which it seeks an appraisement of compensation or damages, only refers to lot 15, and the theory of petitioner's counsel was, as we get it from this record, that the compensation or damages to be awarded should be confined to the value of the land taken from, and injury to, that lot.

The respondent Voorheis in showing cause against the prayer of the petition, filed an answer in which he denied the necessity for taking his property, and among other things stated that the right of way sought to be taken constituted a part of his homestead, which consisted of the six lots mentioned; that the taking of the right of way mentioned in the petition, for the purposes there stated, would deprive him of the use of the alley on the north side of his property, and that the running of cars on the proposed right of way in so near proximity to his buildings would cause great, permanent and continually increasing injury and damage to the entire homestead; that the injury to the entire homestead is not less than one thousand dollars, and that his interest in the alley is worth an equal amount.

The respondent claims that, while the value of the land proposed to be taken is no more than the three hundred dollars tendered, he is not limited in damages to that lot, but the land taken being part of his homestead, and used and occupied by him as such, he was entitled not only to compensation for the land taken but also for such other actual damages to his homestead as he sustained by reason

of the taking, and necessarily arising from the use to be made of the parcel taken.

We think the proper construction of our statute · supports the respondent's views upon this point, and that he is entitled to compensation for the injury, if any, to the remainder of the homestead. Howell's Compilation p. 848 sec. 20; *Wilmes v. Minneapolis & N. W. Ry. Co.* 29 Minn. 242; *Scott v. St. Paul & Chicago Ry. Co.* 21 Minn. 322; *Winona & St. Peter R. R. Co. v. Denman* 10 Minn. 267; *Greve v. First Division of St. P. & P. R. R. Co.* 26 Minn. 66; *Sheldon v. Minneapolis & St. Louis Ry. Co.* 29 Minn. 318; *Sherwood v. St. P. & Ch. R. Co.* 21 Minn. 122.

The commissioners were the judges of the law as well as the facts in this case. *Toledo, Ann Arbor & G. T. Ry. Co. v. Dunlap* 47 Mich. 456. Several witnesses were examined on both sides, and the commissioners viewed the premises, accompanied by the judge of probate, who appears to have taken but little part in the proceedings, and none in the deliberations of the commissioners either upon the law or facts.

The testimony presented took a wide range, and none offered by either side was rejected. The record brings before us the case as presented to the judge of probate for confirmation. *Peninsular Railway Co. v. Howard* 20 Mich. 24.

The respondent in his notice of appeal makes sixteen objections to the confirmation of the commissioners' report, nine of which relate to the admissibility of testimony.

The proceedings in this class of cases are special, and bear little resemblance to ordinary legal trials. *Toledo, Ann Arbor & G. T. Ry. Co. v. Dunlap.* The law contemplates simplicity as far as possible in regard to the practice. The commissioners or jury unaided by counsel or parties may conduct the inquests, and a very large discretion must necessarily be left to the commissioners or officers accompanying them in receiving or rejecting testimony. The strictness of *nisi prius* practice is not in accordance with the spirit or policy of the law, and "when the case is brought

here by appeal the award cannot be disturbed on account of such decisions unless it is fairly evident, in view of the facts and circumstances, that the ruling was not only inaccurate but was a cause of substantial injustice to the appellant in the matter of the result." *Michigan Air Line Railway v. Barnes* 44 Mich. 222; *Detroit, West. J. & T. Ry. Co. v. Crane* ante, p. 182. We have carefully examined the testimony given, and we do not think any was received against the objection of respondent which was prejudicial to his substantial rights.

The other objections present three points for our consideration. In these the counsel for respondent claims:

1st. By the record the constitutional and statutory necessity for the taking is not shown to exist:

2d. That the compensation and damages awarded are too small for the property taken and injury sustained:

3d. That the commissioners confined their assessment of damages or compensation to lot fifteen.

The report of the commissioners and their findings are general, but quite full upon the first point, and in addition to the view taken by them of the premises, there was some testimony given tending to show the necessity for the taking, and their findings cannot be disturbed upon this point.

Upon the second point the award is final and conclusive, provided there has been no misconception of the law by the commissioners, and they have fully considered all the essential elements of the respondent's damages presented to them in the petition and by the testimony; and this brings us directly to the consideration of the third point. We regret the finding of the commissioners does not give us more information upon the subject, but there is nothing in the statute or practice, yet established, requiring them to be more specific in their report of items for which they allow damages or compensation, and there is no authority given to compel such report if they fail so to do. However it only makes the duty on the part of the court more imperative, when confirmation is asked, to ascertain as far as possible from an inspection of the whole proceedings, whether or not the commissioners have considered all the causes of injury nec-

essary to enable them to ascertain and determine what damages or compensation ought justly to be rendered to the respondent for the property he has been compelled to give up to the company and the extent of his injury necessarily arising therefrom, and if it appears the commissioners have failed in this regard it is the plain duty of the court to refuse confirmation.

Upon a careful examination of this case we are clearly of the opinion that it sufficiently appears from the record, the commissioners mistook the law applicable to the undisputed facts, and did, as claimed under the third point stated, confine their assessment of damages and compensation to lot fifteen, and did not take into consideration the injury and damage to the remaining lots which with fifteen constituted the respondent's homestead. The petition refers to this lot only, and it was for the part of the same taken and injury thereto the tender of the three hundred dollars was made by the company.

When on the hearing before the commissioners the defendant's counsel endeavored to have the injury to his interest in the alley considered, counsel for the company objected, saying " the alley is no part of the property sought to be condemned ;" and when an attempt was made to show the injury to the entire homestead, and the question was as to its value, counsel for the appellee objected to the testimony " as not embraced in the petition," thus giving the commissioners to understand that any injury to the lots not mentioned in the petition was not a subject for their consideration. These views coming from able counsel, as in this case, may have had and no doubt did have controlling influence with the commissioners.

It is further claimed by petitioner's counsel that the answer to the petition was insufficient to raise the question of damages to respondent's property contiguous to lot fifteen ; that " the ownership and use of the homestead as an entirety " should have been averred by the respondent. Respondent states in his answer that the six lots constituted his homestead, and that he was in the occupation of them as

such. If, indeed, any statement was necessary, this, we think, was sufficient. His title could not be litigated in this proceeding before the commissioners.

The amount found by the commissioners for the land taken and injury to the property mentioned in the petition is two hundred and eighty and 50-100 dollars, being nineteen dollars and fifty cents less than the company tendered.

The testimony taken shows the injury to the entire homestead to be from five hundred to eighteen hundred dollars. We cannot avoid the conclusion that no compensation or damages were allowed the respondent by the commissioners for the injury done to any portion of this homestead except to lot fifteen, and that the same was not considered by them in making their award. The respondent cannot be compelled to give up his property without full compensation for his injury, and we are satisfied through a misapprehension of the law on the part of the commissioners just compensation for the land taken and damages to the owner has not been made.

The order confirming the award must be set aside with costs, and a new appraisement made in accordance with the views here expressed.

The other Justices concurred.