DAWLEY *v*. INGHAM CIRCUIT JUDGE.

1. MUNICIPAL CORPORATIONS—POWER TO ENACT ZONING ORDINANCE
   —STATUTES.
   Under Act No. 207, Pub. Acts 1921, the city of Lansing,
   functioning under a so-called home-rule charter, has power
   to enact a zoning ordinance without first amending its
   charter.

2. SAME—LEGISLATURE MAY DELEGATE TO CITIES POWER ·TO ENACT
   ORDINANCES INCIDENT TO LOCAL GOVERNMENT.
   The legislature has power to delegate to cities authority
   to enact such ordinances as are essential or incident to
   local governmental functions.

3. SAME—AMENDMENT OF CHARTER—STATUTES.
   The permissive power granted by Act No. 207, Pub. Acts
   1921, to a city to enact a zoning ordinance without amend-
   ment of its charter, is not ·objectionable as an amendment
   of the charter by the legislature, since the statute is
   quiescent until enacted into local law by local authority.

4. SAME—CONSTRUCTION OF STATUTES.
   Act No. 207, Pub. Acts 1921, may not be construed as ap-
   plicable only to cities not operating under the home-rule
   act and Act No. 348, Pub. Acts 1921, which permits amend-
   ment of charters, as applicable to home-rule cities, since
   the former act enlarges the powers of all cities, and al-
   though both serve, the latter act was unnecessary.

5. STATUTES—CONSTITUTIONAL LAW—MORE THAN ONE OBJECT.
   The objection that Act No. 207, Pub. Acts 1921, is uncon-
   stitutional because it has more than one object or purpose,
   *held*, without merit.

6. SAME—INVALIDITY OF ONE SECTION WOULD NOT VOID WHOLE
   ACT.
   The objection that section 6, Act No. 207, Pub. Acts 1921,
   is void, will not be considered, on review, where con-
   struction is not necessary to decision of case at bar, since,
   if it is void, that would not render the whole act void.

[1]Municipal Corporations, 43 C. J. § 364; [2]Id., 43 C. J. § 174;
[3]Id., 43 C. J. § 137; [5]Statutes, 36 Cyc. p. 1025; [6]Appeal and Error,
4 C. J. § 2541; Statutes, 36 Cyc. p. 976.

7. MANDAMUS—INJUNCTION—VIOLATION OF ZONING ORDINANCE.
    Mandamus will not issue to compel the dissolution of an
    injunction restraining the violation of a valid zoning
    ordinance.

8. SAME — BOND NOT REQUIRED ON RESTRAINING VIOLATION OF
    ZONING ORDINANCE.
    A bond for the payment of damages is not required as a
    condition to continuing in force an injunction restraining
    the violation of a valid zoning ordinance.

Mandamus by Henry A. Dawley to compel Charles
B. Collingwood, circuit judge of Ingham county, to dis-
solve an injunction.    Submitted February 28, 1928;
resubmitted March 27, 1928.    (Calendar No. 33,498.)
Writ denied April 3, 1928.

*Brown, Kelley & Warner,* for plaintiff.

*J. E. Converse,* City Attorney, and *Thomas, Shields
& Silsbee,* for defendant.

WIEST, J.  · The city of Lansing functions under a
so-called home-rule charter.    The common council,
assuming power under the provisions of Act No. 207,
Pub. Acts 1921 (Comp. Laws Supp. 1922, § 3480
[3-11]), by ordinance, created a zoning system.    The
city attorney, acting in concert with private owners of
property, filed a bill in the circuit court for the county
of Ingham, in chancery, and obtained a temporary
injunction, restraining plaintiff in this proceeding
from constructing a building in alleged violation of
such ordinance.    The circuit judge held the ordinance
valid and the mentioned statute constitutional, and,
upon motion, refused to dissolve the injunction.    We
review by mandamus.

Under the return of the circuit judge two questions
of law are presented:

(1) Has the city power under the statute, without

---

[7]Mandamus, 38 C. J. § 186; [8]Id., 38 C. J. § 159.

amendment of its charter, to enact a zoning ordinance?

(2) Is Act No. 207, Pub. Acts 1921, unconstitutional?

The mentioned statute is permissive only.  Does it empower action by ordinance, or merely authorize a charter amendment and then enactment of an ordinance?  We think it confers power and requires no charter amendment.  This court has steadfastly maintained the right of local self-government.  *Attorney General* v. *Detroit Board of Education*, 225 Mich. 237.  A statute permitting enlarged municipal governmental power constitutes no meddling with local government.  The measure of local self-government is enlarged by the power granted, but the statute is quiescent until enacted into local law by local authority.  It is fundamental that the legislature has power to delegate to cities authority to enact such ordinances as are essential or incident to local governmental functions.  The permissive power granted by the statute was not an amendment of the charter, neither did it require adoption by charter amendment to authorize enactment of the ordinance.  *Zimmerman* v. *Town of Bedford*, 134 Va. 787 (115 S. E. 362).  We quote from that case:

"Did the town of Bedford have the authority to adopt the ordinance under which the conviction was had in this case, so as to make the ordinance valid?

"Section 4617 of the general law conferred the authority upon the town to adopt the ordinance, so that the question must be answered in the affirmative.

"The position is taken in argument for the accused that to so hold is to hold that the existing charter of the town has been amended by general legislation, whereas it is contended that section 117 of the Virginia Constitution 'prohibits the amendment of existing charters except by special legislation.'  There is a two-fold error in this position.  In the first place, for the legislature, by general law, merely to confer upon towns powers in addition to their charter powers, does not amend their charters.  Secondly,

section 117 of the Constitution expressly provides that 'general laws for the organization and government of cities and towns shall be enacted by the general assembly.' "    *    *    *

The Constitution of Michigan, Art. 8, § 21, grants power to each city to frame, adopt, and amend its charter and "through its regularly constituted authority, to pass all laws and ordinances relating to its municipal concerns, subject to the Constitution and general laws of this State." The zoning ordinance was in conformity with, and, therefore, subject to, the general law on that subject. If the statute is valid, the power to enact a zoning ordinance was in the city council. We understand the charter ordinance powers of the city were framed under the provisions of section 4, Act No. 279, Pub. Acts 1909. That section was amended by Act No. 348, Pub. Acts 1921, § 1, subd. x (Comp. Laws Supp. 1922, § 3307), permitting a charter to provide:

"For the establishment of districts or zones within which the use of land and structures, the height, the area, the size and location of buildings and required open spaces for light and ventilation of such buildings and the density of population may be regulated by ordinance: *Provided*, That such regulations in one or more districts may differ from those in other districts."

The point is made that this statute is in recognition of the need of amendment of the charter in order to acquire the power and save to the electors within a city the right to determine whether or not the charter thereof shall be amended to grant such additional powers, and that:

"Act No. 207 of the Public Acts of 1921 is invalid, at least so far as being applicable to 'home-rule' cities, and an ordinance adopted under the provisions thereof would be invalid and ineffectual to create any rights, duties, or obligations on the city or residents thereof."

It is also claimed that Act No. 207 and Act No. 348

are in conflict in that the first purports to grant power, without charter amendment, and the second provides for charter amendment before exercise of the power, and we are asked to give both acts effect by confining the first to cities not operating under home rule and the second to home-rule cities. We cannot do so. We have no hesitancy in saying that Act No. 207 enlarged the powers of all cities, and the fact that Act No. 348 permits of a charter amendment does not change our view. Both acts may serve, although the latter was quite unnecessary.

It is also contended that Act No. 207 is unconstitutional because it has more than one object or purpose, in that it—

"attempts to confer powers upon both cities and villages to adopt so-called zoning ordinances; that is to say, it attempts to amend or add to the general statutes applying to cities and villages, and confer upon each of them power to adopt zoning provisions, which, as we construe it, is a double object or purpose."

We are not so impressed.

It is also urged that Act No. 207—

"amends the State housing code by regulating the height, area, size and location of buildings in such districts. In other words, it attempts to permit a city or village to adopt an ordinance creating districts to regulate various occupations and business, and also to adopt ordinances amending or changing the housing or building code, which we contend is also a double object."

This objection seems to be aimed at the following provision of section 6 of the act:

"Whenever the provision of any ordinance or regulations, adopted by the legislative body of any city or village under the provisions of this act, impose requirements for lower heights of buildings, or a less percentage of lot that may be occupied, or require wider or larger courts or deeper yards than are imposed or required by existing provisions of law or ordinance,

the provisions of such local ordinance or regulation adopted under the provisions of this act shall govern. Where, however, the provisions of the State housing code or other ordinances or regulations of any city or village impose requirements for lower heights of buildings or less percentage of lot that may be occupied, or require wider or larger courts or deeper yards than are required by any ordinance or regulation which may be adopted by the legislative body of any city or village under the provisions of this act, the provisions of said State housing code or other ordinance or regulations shall govern."

That section, even if void (and we do not say it is), would not render the whole act invalid. It will be time to construe the section when it is before us in a case.

We have discussed the questions considered in the circuit and find no occasion to direct the circuit judge to dissolve the injunction.

Plaintiff herein desires, if the injunction is continued, to have an order requiring plaintiffs in the chancery suit to give bond to pay damages. We must decline to make such an order.

The writ of mandamus is denied, with costs against Henry A. Dawley.

NORTH, FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred. FEAD, C. J., did not sit.