## In re WIDENING OF BAGLEY AVENUE.

1. EMINENT DOMAIN—QUESTIONS ·OF NECESSITY AND COMPENSATION
MAY BE DETERMINED BY JURY OR COMMISSIONERS.
   Under the Constitution (article 13, § 2), necessity for taking
   private property for use or benefit of public and ascertainment
   of just compensation to be made therefor may be determined
   by a jury of freeholders of the vicinage or by commissioners.

2. SAME—JURY JUDGE OF BOTH LAW AND FACTS.
   Jury impaneled to determine necessity of taking private prop-
   erty for public use and award just compensation therefor
   is judge both of law and facts, and function of judge is to
   set in motion the proceedings by organizing jury and to act
   in advisory capacity during its deliberations.

3. SAME—COMPENSATION—JURY NOT BOUND BY TESTIMONY ALONE,
BUT MAY EXERCISE OWN JUDGMENT.
   Jury is not bound, as to value of property taken, by testimony
   of witnesses alone, but may exercise its own judgment, based
   not only on testimony, but on knowledge gained from view
   of premises.

4. SAME—COMPENSATION TO BE JUST.
   Compensation to be awarded for property taken is to be just—
   fair cash market value—and is to be paid in legal currency of
   country.

5. SAME—DAMAGES AWARDED WITHOUT CONSIDERATION OF BENEFITS.
   Damages are to be awarded without consideration of question
   of benefits to lands not taken.

6. SAME—RULE FOR AWARDING COMPENSATION FOR LAND TAKEN.
   In case of land actually taken, just compensation awards its
   value, or the amount which the value of the property from
   which it is taken is depreciated.

---

* Continued from Vol. 247.
Market value of property as element of damages in eminent
domain, see annotation in L. R. A. 1917A, 405.
On right of owner of property to compensation for widening of
highway space for vehicle traffic, see annotation in 55 A. L. R. 896.

7. SAME—RULE FOR AWARDING COMPENSATION WHEN WHOLE OR PART OF PARCEL TAKEN.

> Where whole parcel of land is taken, compensation to be made is fair value of land; where only part of parcel is taken compensation is to be determined by amount which parcel is diminished in value; value of part taken being allowable, as well as decreased value of residue of parcel.

8. SAME—RULE FOR AWARDING COMPENSATION WHEN WHOLE OR PART OF BUILDING TAKEN.

> Where only part of building is taken, if remaining portion is of great value, and there can be advantageous reconstruction, rearrangement, and readjustment, then cost of altering and all consequential damages because of such alteration, plus value of part taken, furnishes rule for measuring compensation; if what remains after part is taken is worthless, whole value of building should be allowed.

9. SAME—INSTRUCTION AS TO COMPENSATION FOR PART OF HOTEL BUILDING TAKEN PROPER.

> Where part of hotel property was taken, instruction advising the jury that "If the respondent is put to the necessity of reconstructing the remaining portion of his building, there is a presumption that he will do it according to law, and you will allow him as just compensation a sum of money which will permit him to reconstruct his building according to law, and all consequential damages because of such alteration, in addition to being paid for the value of the part of his property taken," fully protected defendant's rights.

10. SAME—INSTRUCTIONS AS TO COMPENSATION TO BE AWARDED PROPER.

> The judge properly advised the jury that they must value the property as it now is for what it is worth before taking; that they must not value it upon any assumption of facts that do not exist; that they could not consider benefits to remaining property; that testimony of any witness based on or including such benefit or advantage and charging any such against remaining property, in order to reduce damages, was incompetent; that the land or other property taken was to be valued and paid for on the basis of its best and highest use in every instance; that award must not exceed highest or be less than lowest figure in testimony; and that all the capabilities of property and all uses to which it might be applied or for which it was adapted were to be considered.

11. SAME—ADMISSIONS—EVIDENCE—TESTIMONY OF WITNESS ON FORMER TRIAL NOT BINDING ON CITY.

> In proceedings by city to condemn land for widening of street, city was not bound by testimony of witness on former trial as admissions against interest.

Appeal from Recorder's Court of Detroit; Murphy (Frank), J. Submitted June 20, 1929. (Docket No. 125, Calendar No. 34,449.) Decided September 4, 1929. Rehearing denied September 4, 1929.

Condemnation proceedings by the City of Detroit against John L. Irwin and others to acquire certain land for the widening of a street. From a jury award determining the necessity and fixing the damages, defendants appeal. Affirmed.

*Burke & Birge, C. H.* and *G. M. Lehman, Guy W. Moore,* and *Hal P. Wilson,* and *Donnelly, Donnelly, Munro & Dahling,* for appellants.

*James H. Lee,* Assistant Corporation Counsel, and *Clarence E. Wilcox,* Corporation Counsel, for appellee.

POTTER, J. This case involves the use by the city of Detroit of the power of eminent domain to condemn lands and buildings for widening Bagley avenue from Cass avenue to Michigan avenue. There was verdict of necessity and an appraisal of the damages to or for each parcel to be taken. Respondents appeal.

Necessity for taking and the ascertainment of the just compensation to be made may be determined and fixed either by a jury of freeholders of the vicinage or by commissioners. Michigan Constitution, Art. 13, § 2. The city elected to have a jury

called. Such jury impaneled in proceedings of this kind is a constitutional tribunal, a jury of special inquest. The Constitution does not vest the power in a court or in a judge and jury, but in a jury of 12 freeholders of the vicinage. The proceedings are not according to the course of the common law—not in the nature of a lawsuit. The function of the judge is to set in motion the proceedings by organizing the jury and act in an advisory capacity during its deliberations. The jury may listen to the opinions of witnesses, their estimates of value, and their methods of arriving at the conclusions expressed, but the jury is not bound by the testimony alone; they are to exercise their judgment based not only upon the testimony but their own knowledge gained from a view of the premises. They are not to be interfered with or dictated to by the judge. The jury are judges both of the law and facts. *Toledo, etc., R. Co.* v. *Dunlap,* 47 Mich. 456; *Port Huron, etc., R. Co.* v. *Voorheis,* 50 Mich. 506; *Grand Rapids, etc., R. Co.* v. *Chesebro,* 74 Mich. 466.

"In condemnation proceedings, the trial judge has not the power of control over the proceedings and verdicts possessed by the trial judge in common-law actions. He may, of course, confirm or set aside the award reported to him, but he cannot give binding instructions, and the jury is the judge of both law and facts." *In re Owen and Memorial Parks,* 244 Mich. 377.

Many technical rules have been promulgated for determining value, none of which are important. The determination of value is not a matter of formulas or artificial rules, but of sound judgment and discretion based upon a consideration of all the relevant facts in a particular case. *Simpson* v. *Shepard,* 230 U. S. 352 (33 Sup. Ct. 729, 48 L. R. A. [N. S.]

1151, Ann. Cas. 1916 A, 18). It is, in the final analysis, only the effect of the relative human desire for compared objects expressed in terms of a common denominator. *International Harvester Co.* v. *Kentucky,* 234 U. S. 216; *Block* v. *Hirsh,* 256 U. S. 135 (41 Sup. Ct. 458, 16 A. L. R. 165).

The compensation to be made is to be just. It is the fair cash market value of the property to be taken. The compensation estimated is to be paid in the legal currency of the country. Damages are to be awarded without consideration of the question of benefits to the lands not taken. *Port Huron, etc., R. Co.* v. *Voorheis, supra.* Nothing can be fairly termed just compensation which does not put the party injured in as good a condition as he would have been if the injury had not occurred. In the case of land actually taken, just compensation awards its value, or the amount which the value of the property from which it is taken is depreciated. *Grand Rapids, etc., R. Co.* v. *Heisel,* 47 Mich. 393. Where the whole of a parcel of land is taken, the compensation to be made is the fair value of the land so taken. Where only part of a parcel is taken, just compensation is to be determined by the amount which the value of the parcel from which it is taken is diminished. The value of the part actually taken is allowed as direct compensation, but the decreased value of the residue or parcel on account of the use made of the land taken is also allowable as compensation. *Port Huron, etc., R. Co.* v. *Voorheis, supra; Fitzsimons & Galvin, Inc.,* v. *Rogers,* 243 Mich. 649; *Johnstone* v. *Railway Co.,* 245 Mich. 65. Where only a part of a building is taken, if the remaining portion is of great value and there can be advantageous reconstruction, rearrangement, and new adjustment, then the cost of altering the build-

ing and all consequential damages because of such alteration, plus the value of the part taken, furnishes the rule for measuring the compensation to be awarded. If what remains after a part is taken is worthless, the jury should allow the whole value of the building. If not, they should consider what may be done with the remainder and the cost of doing it. *City of Detroit* v. *Loula,* 227 Mich. 189. A part of the Vinton Hotel property is to be taken. The judge advised the jury in relation thereto that:

"If the respondent is put to the necessity of reconstructing the remaining portion of his building, there is a presumption that he will do it according to law, and you will allow him as just compensation a sum of money which will permit him to reconstruct his building according to law, and all consequential damages because of such alteration, in addition to being paid for the value of the part of his property taken."

The defendant's rights were fully protected.

The judge advised the jury generally they must value the property as it now is for what it is worth before the taking. They must not value the property upon any assumption of facts that do not exist; they could not consider benefits to the remaining property of the respondents in this proceeding; the testimony of any witness based on or including such benefit or advantage and charging any benefit or advantage against respondent's remaining property, in order to reduce damages, was incompetent; the land or other property taken was to be valued and paid for on the basis of its best and highest use in every instance; their award must not exceed the highest nor be less than the lowest figure in the testimony; all the capabilities of the property and all the uses to which it might be applied or for which it was

adapted were to be considered.  The charge on the whole was at least as favorable as respondents were entitled to.

Upon a former trial one Ely was sworn as a witness for petitioner, examined and cross-examined, and his testimony recorded or transcribed.  On this trial respondents offered to prove such testimony as an admission of petitioner against interest.  The admissions of a party of record against interest may be proven against him as may be the admissions of his agents when acting within the scope of their authority; but the city as petitioner was not bound on this trial by the admissions of this witness made in the course of his testimony on a former trial.  If the facts testified to by the witness on the former trial were deemed important by respondents, subpœna was available to bring such witness before the jury to give his testimony.  There was no necessity of resorting to the proof of his prior admissions where the witness himself might be produced and examined.  Respondents cannot complain because they did not subpœna, call, and examine this witness.

We find no error in the proceedings justifying a reversal of the same, and the finding of necessity and the several awards of compensation are affirmed.

NORTH, C. J., and FEAD, WIEST, CLARK, MCDONALD, and SHARPE, JJ., concurred.  The late Justice FELLOWS took no part in this decision.