*In the* MATTER OF WIDENING MICHIGAN AVENUE, ROOSEVELT TO LIVERNOIS AVENUES.

CITY OF DETROIT *v.* NEW POLAND BAKING CO.

SAME *v.* WEINBAUM.

1. JURY—COMPETENCY—VOIR DIRE.
   Under the municipal court jury act interested parties are afforded ample opportunity at the *voir dire* examination to ascertain the competency of jurors selected for service in condemnation proceedings (Act No. 83, Pub. Acts 1923, as last amended by Act No. 330, Pub. Acts 1931).

2. LEGISLATURE—MUNICIPAL CORPORATIONS—CHARTERS.

    The legislature has power to pass a general act directly conferring upon legislative bodies of cities, having home rule charters, powers in addition to those enumerated in the charters.

3. EMINENT DOMAIN—JURY—MUNICIPAL CORPORATIONS.

    The purpose of the municipal court jury act was to provide a uniform method throughout the State for the summoning and impaneling of juries in municipal courts of record for the trial of condemnation cases (Act No. 83, Pub. Acts 1923, as last amended by Act No. 330, §§ 23, 52, Pub. Acts 1931).

4. SAME—HOME RULE CITY—JURY.

    Home rule city charter provisions providing for summoning and impaneling jurors in condemnation proceedings by sheriff or deputy sheriff *held*, repealed and amended by subsequent statute providing for accomplishment of such task by board of jury commissioners where statute had been approved on referendum by voters in such home rule city (Detroit Charter, title 8, chap. 1, § 6; Act No. 83, Pub. Acts 1923, as last amended by Act No. 330, Pub. Acts 1931).

5. SAME—COMPENSATION—JURY NOT BOUND BY TESTIMONY ALONE, BUT MAY EXERCISE OWN JUDGMENT.

    Jury is not bound, as to value of property taken, by testimony of witnesses alone, but may exercise its own judgment, based not only on testimony, but on knowledge gained from view of premises.

6. SAME—AWARD—EVIDENCE—STREET WIDENING.

    Record in condemnation proceedings examined and award as to each parcel under consideration, taken for street widening purposes, *held*, within range of the evidence and Supreme Court not justified in rejecting the verdict.

Appeal from Recorder's Court of City of Detroit; Jeffries (Edward J.), J. Submitted June 8, 1937. (Docket Nos. 21, 22, Calendar Nos. 39,359, 39,360.) Decided September 1, 1937.

Condemnation proceedings by City of Detroit against New Poland Baking Company, a Michigan corporation, and Jacob Weinbaum and Detroit Quality Brush Company, a Michigan corporation, to

acquire land for the widening of a street. From verdicts and judgments for plaintiff, defendants appeal. Cases consolidated for appeal. Affirmed.

*Raymond J. Kelly,* Corporation Counsel, and *James H. Lee,* Assistant Corporation Counsel, for plaintiff.

*Elmer G. Rice,* for defendants.

SHARPE, J. In November, 1930, the city of Detroit filed a petition in the recorder's court for the widening of Michigan avenue from Roosevelt avenue to Livernois for just compensation to be made. The petition was filed in pursuance of city of Detroit charter, title 8, chap. 1 and among the property affected was parcel No. 99, located at 5831 Michigan avenue, and parcel No. 107, located at 5937 Michigan avenue. The proceedings were instituted and followed in strict compliance with the charter provisions until the time for selecting the jury to determine the necessity and just compensation to be paid for the various parcels of property. The summoning, drawing and impaneling of the jurors was followed under Act No. 83, Pub. Acts 1923, as amended by Act No. 315, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 16541, 16542), and as further amended by Act No. 330, Pub. Acts 1931, known as the municipal court jury act. Before impaneling the jury, counsel for appellants objected to the method of drawing the jurors. The objection was overruled and on October 12, 1936, the jury returned a verdict and assessed damages for parcel No. 99 as follows:

Damage to Land.........$ 3,596
Damage to Buildings..... 10,680
_____
Total ................$14,276

and for parcel No. 107 as follows:

Damage to Land...........$2,209
Damage to Buildings....... 5,051

Total ...................$7,260

A motion for a new trial was made and denied, appellants appeal and contend that the method of selecting the jury in this cause under Act No. 83, Pub. Acts 1923, as amended by Act No. 315, Pub. Acts 1925, and as further amended by Act No. 330, Pub. Acts 1931, known as the municipal court jury act, was illegal; that the latter act does not repeal or alter title 8, chap. 1, § 6, of the charter of the city of Detroit and that the verdict rendered by the jury was insufficient and did not fully compensate the appellants for the loss of their lands and buildings.

Section 6 of the city charter above referred to provides that the jury shall be composed of 12 free-holders of the municipality and impaneled by the sheriff or deputy sheriff. This section also provides that the sheriff or deputy sheriff shall make a list of 24 resident freeholders of the city and the corporation counsel in person or by an assistant or deputy and the respondents and taxpayers collectively shall each have the right to eliminate six names from the list, thus leaving 12 freeholders to serve as the jury. Under the amended act, the above provisions are entirely eliminated; the jurors are summoned directly into court and a jury selected as in other causes.

The municipal court jury act (Act No. 83, Pub. Acts 1923, as amended) is entitled:

"An act to supplement existing laws relating to the establishment and maintenance of municipal courts of record and to provide a system or method for the selection of juries for the trial of causes therein."

Section 61 of the amended act (Act No. 330, Pub. Acts 1931) provides for the submission of the act to a referendum of the voters of the city having such a court. The provisions of the act were approved by the electors of the city of Detroit at a referendum had thereon at the election of November 3, 1931. Section 52 of the act reads as follows:

"The names of persons to serve as jurors in condemnation cases in municipal courts of record subject to this act shall be drawn from the jury box in the manner prescribed in this act for the drawing of jurors, but in such case any slip drawn which does not show that the person is a freeholder shall be returned to the jury box."

Section 23 of the act reads as follows:

"Not less than 21 days before the opening of any term of court at which jury cases will be tried, or before the time at which a jury will be needed, the presiding judge of each court subject to the provisions of this act shall order the board to draw a sufficient number of jurors for jury service for the first four weeks of such term of court. If the number has not been fixed by the court at the time of drawing, the board shall draw such number of slips from the jury box as it deems necessary for the business of the court for such term, or part thereof, for which jurors are to be drawn."

November 15, 1935, in compliance with the terms of this act, and specifically the sections above quoted, the court ordered the board of jury commissioners to summon 50 persons as jurors for December 6, 1935. On November 22, 1935, the jury commission drew 50 names from the jury box and issued a venire returnable December 16, 1935. On December 16, 1935, the venire was returned and filed with the clerk of the trial court and the impaneling of the

jury adjourned to December 20, 1935. On December 23, 1935, the jury was duly impaneled and sworn and the trial of the case adjourned to January 3, 1936.

The qualifications of the jurors, summoned under the municipal court jury act (Act No. 330, Pub. Acts 1931), are set forth in section 52 which provides that the name of any juror selected who is not a freeholder shall be returned to the jury box. Under the act above mentioned all interested parties were afforded ample opportunity at the *voir dire* examination to ascertain the competency of jurors. In *Dawley* v. *Ingham Circuit Judge,* 242 Mich. 247, we held that the legislature may pass a general act directly conferring upon legislative bodies of cities, having home rule charters, powers in addition to those enumerated in the charter. The purpose of the above act was to provide a uniform method throughout the State for the summoning and impaneling of juries in municipal courts of record for the trial of condemnation cases. It follows that sections 23 and 52 of the above act repeal and amend the provisions of title 8, chap. 1, § 6, of the charter of the city of Detroit in so far as the provisions of section 6 relate to the summoning and impaneling of a jury.

Defendants next contend that the verdict of the jury is insufficient. In *Re Widening of Bagley Avenue,* 248 Mich. 1, we said:

"The jury may listen to the opinions of witnesses, their estimates of value, and their methods of arriving at the conclusions expressed, but the jury is not bound by the testimony alone; they are to exercise their judgment based not only upon the testimony but their own knowledge gained from a view of the premises. They are not to be interfered with or dictated to by the judge. The jury are judges both

of the law and facts. *Toledo, A. A. & G. T. R. Co.* v. *Dunlap,* 47 Mich. 456; *Port Huron, S. W. R. Co.* v. *Voorheis,* 50 Mich. 506; *Grand Rapids L. & D. R. Co.* v. *Chesebro,* 74 Mich. 466.''

See, also, *In re Widening of Fulton Street,* 248 Mich. 13 (64 A. L. R. 1507); *Commission of Conservation of Department of Conservation* v. *Hane,* 248 Mich. 473.

In the case at bar we have examined the record and find that the award made upon each parcel was within the range of evidence and we would not be justified in rejecting the verdict.

The order of confirmation is affirmed, with costs to appellee.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, POTTER, and CHANDLER, JJ., concurred.