PETER KAPERONIS et al., appellants, v. IOWA STATE HIGHWAY COMMISSION, appellee.

No. 49894.

(Reported in 100 N.W.2d 901)

FEBRUARY 9, 1960.

Thomas J. Griffin, of Sioux City, for appellants.

416

Gill & Dunkle, of Sioux City, for appellee.

THOMPSON, J.—Plaintiff was the owner of real estate in Sioux City described as the West 75 feet of Lot 6, Block 22, East Sioux City, which was condemned for public purposes by the Iowa State Highway Commission. A duly appointed condemnation commission fixed the value of the property at $2800, and plaintiff appealed to the district court. There the case was tried to the court without a jury, resulting in a judgment that the value of the property taken was $3350. Plaintiff being dissatisfied with this award appeals to this court.

I. The only error assigned for reversal is that the amount awarded by the trial court is grossly out of proportion to the value as shown by the evidence. It is apparent that the plaintiff has assumed a heavy burden; because if there was any substantial evidence to support the finding and judgment of the trial court, which sat as the sole judge of the facts as well as of the law, we are bound by it.

The defendant took the entire property, so that the measure of damages is the reasonable market value at the time of the condemnation. The real estate in question was improved—and again we must comment that the term is largely a misnomer—by a so-called duplex house. It is located in the same general area as the property which we considered in Kaperonis v. Iowa State Highway Commission, 251 Iowa 39, 99 N.W.2d 284; and seems to have been in the same general condition of disrepair. There was no hot water, no bathroom, no central heating. Each of the two parts of the duplex had a stool, and cold water. There was a basement, which is described by some of the witnesses as being merely a hole under the house, partly filled with debris, with a dirt floor. There is evidence the building had not been painted for some years. It was approximately sixty years old, and had been moved on this lot from another location. The half lot on which it sat was 50 by 75 feet in dimension.

A value witness for the plaintiff fixed the worth of the realty without the building at $3750. He said the entire property was of the reasonable value of $12,000. Whether he meant the entire lot or only the one half owned by the plaintiff is not clear. His testimony is considerably weakened by his statement

that he did not know whether there was central heating in the building; that he thought there was hot water and a bath, he thought he saw a bath tub. These things did not exist.

II. Witnesses for the defendant, all qualified real-estate experts, fixed the value at the time of the taking at $2200, $2400 and $2650. The plaintiff's own testimony placed the value at $12,000; but his petition, never amended, alleged the value to be $5500 and asked for that amount. The property at the time of taking was on the corner of Leech and Iowa Streets, both unpaved dirt roads. It was about three blocks from the Missouri River docks, and in a heavy industrial zone under the city ordinances.

The plaintiff's argument centers around the contention that the net rental he was receiving from the property was much more than investment of the funds allowed him as its value could be made to return; and so gross inadequacy of compensation appears. He testified gross income was $800 per year, taxes $92.59 and upkeep $16.74, leaving a net of $690.67. The condition of the property as shown by the record testifies to the inadequacy of the amount of repairs and upkeep. It is possible, of course, by cannibalizing a property, by taking all possible rental income out and putting nothing back, to make it pay a highly disproportionate income for a time. It is true here the plaintiff said the tenants were to make such repairs as they wanted; it is evident they did little, and the property suffered under the arrangement. The situation points up the reason why rental income is not to be taken as the sole test of value, but is only one of many elements to be taken into consideration.

In fact all points arising in this case were discussed and determined in Kaperonis v. Iowa State Highway Commission, supra, 251 Iowa 39, 99 N.W.2d 284, and no good purpose would be served by reiterating them. The property here and in the former case is in substantially the same location in Sioux City, is affected by the same factors, and the plaintiff's contention is identical. We held in the first case that there was substantial evidence to support the findings of the trial court, and now conclude the same is true in the case at bar.—Affirmed.

All JUSTICES concur.