FERRIS SKAFF and ELIZABETH SKAFF, appellants, v. CITY OF SIOUX CITY, a municipal corporation, appellee.

No. 50908.

(Reported in 120 N.W.2d 439)

MARCH 12, 1963.

REHEARING DENIED MAY 7, 1963.

George F. Davis of Sifford, Wadden & Davis, of Sioux City, for appellants.

Richard W. Beebe and John Hutchinson, both of Sioux City, for appellee.

SNELL, J.—This is an appeal involving compensation due property owners incident to, but not for, the taking of real property by eminent domain. On the issue before us the facts are not in dispute. By agreement the present issue was separately tried to the court without a jury.

Plaintiffs, as owners, claim that in a condemnation appeal involving their real estate they should be awarded the cost of moving personal property from the condemned premises. They claim cost of moving is a "reduction in value" under section 472.14, Code of Iowa. From an adverse ruling by the trial court plaintiffs appeal.

Defendant, City of Sioux City, in January 1962 by condemnation proceedings appropriated real estate of plaintiffs on and

from which plaintiffs operated a wholesale and retail roofing and building supply business. The taking included all of the real estate but none of the personal property located thereon. Plaintiffs acquired another location for their business and moved their merchandise and equipment from the condemned premises to the new location. The merchandise was mostly roofing, heavy materials and equipment. Plaintiffs used their own employees and equipment and computed the cost of moving to be $5318.84. A platform was dismantled and a few boards split, but no claim is made for these items. There is no claim that personal property was damaged or destroyed. Plaintiffs claim that their personal property was "reduced in value" in the amount of their moving expense within the meaning of section 472.14, Code of Iowa, and that they are entitled to compensation to that extent.

Plaintiffs' damage because of the appropriation of their real estate has been separately determined and is not involved here.

Section 472.14, Code of Iowa, relates to appraisement by commissioners of property sought to be condemned. In 1959, chapter 318, Acts of the Fifty-eighth General Assembly, amended this section as it appeared in the 1958 Code by adding the following words, "In assessing the damages the owner or tenant will sustain, the commissioners shall consider and make allowance for personal property which is damaged or destroyed or reduced in value." We have recently considered this amendment but from an entirely different factual premise. See Estelle v. Iowa State Highway Commission, infra.

In a recent case, Freshwater v. Wildman, 254 Iowa 404, 117 N.W.2d 910, we had before us the question of consequential damages. In considering section 472.14 it was held that the statutory provision for determination of consequential damages did not on appeal change the rule as to measure of damage. In the case before us plaintiffs' claim is not based on and we need not consider consequential damages. The sole question presented to the trial court and to us is whether expense of moving merchandise and movable equipment constitutes reduction in value under section 472.14, 1962 Code of Iowa.

The word value is defined in Webster's Third New International Dictionary, Unabridged, in a number of ways. The word means the amount of a commodity, service, or medium of

exchange that is the equivalent of something else; the monetary worth of something; the marketable price usually in terms of a medium of exchange.

In re Estate of McGhee v. State, 105 Iowa 9, 15, 74 N.W. 695, holds that when the word "value" is applied to property and no qualification is expressed or implied it means the price which the property will command in the market.

It is well settled in Iowa that when there is an entire taking the measure of damage is the reasonable market value at the time of the condemnation. Kaperonis v. Iowa State Highway Commission, 251 Iowa 415, 416, 100 N.W.2d 901.

Volume 44, Words and Phrases, "Value", beginning on page 74 sets forth the judicial definitions of the word "value" in connection with "market value." The generally accepted definition is in accord with the McGhee case, supra. Bearing in mind that we are not considering consequential damages or value in use to the owner the consensus of the best considered cases is that the word "value" in the statute means market value. The cases hold that "market value", "value" and "cash value" are synonymous.

What an article or stock of merchandise will command on the market (market value) is not controlled by any determination of the owners' profit or loss, handling charge or cost of business operation.

Increased handling charge might reduce the owners' opportunity for profit and might be a consequential damage incident to the condemnation of real estate, but it does not reduce the value of the merchandise on the open market.

Plaintiffs testified that except for fluctuation in the market the price of merchandise was exactly the same in the new and old locations.

Article I, section 18, Constitution of Iowa, provides that private property shall not be taken for public use without just compensation being first made or secured. In the case before us plaintiffs do not claim that there was any taking of personal property. Their claim is based solely on the wording of the cited statute.

We are not considering the compensation due for the taking of a leasehold. A tenant for years is the owner of an

estate; a leasehold is property subject to condemnation upon the payment of just compensation. A leasehold estate is separate and distinct from the estate of the owner, i.e., the fee. Des Moines Wet Wash Laundry v. City of Des Moines, 197 Iowa 1082, 1085, 198 N.W. 486, 34 A. L. R. 1517; Korf v. Fleming, 239 Iowa 501, 516, 32 N.W.2d 85, 3 A. L. R.2d 270. See also Wicks v. Iowa State Highway Commission, 254 Iowa 998, 119 N.W.2d 781.

The factual situation before us is not the same as in Des Moines Wet Wash case, supra, nor in Estelle v. Iowa State Highway Commission, 254 Iowa 1238, 119 N.W.2d 900. In each of those cases there was a condemnation of a leasehold with equipment particularly adapted to the business. The cases did not involve expense of moving merchandise held for sale and having the same market value in the new location as in the old.

Plaintiffs rely primarily on language in the Des Moines Wet Wash case, supra. In that case the City of Des Moines condemned land on which was situated a building used and occupied by plaintiff, lessee. Plaintiff operated a laundry in the leased building. The lease had three and one-half years to run. The condemnation terminated plaintiff's business and destroyed its plumbing, equipment and steam connections installed at its own expense. Plaintiff was compelled to tear up and move its machinery and appliances to another location. It was held that among the several elements bearing upon value of plaintiff's leasehold the jury might consider the fair and reasonable cost of removing the machinery and equipment and the fair and reasonable cost of cartage or transportation for a reasonable distance. The question was the damage suffered by taking of the leasehold and not the per se reduction in value of personal property. The case does not hold that moving expense is a separate, distinct and recoverable cost. Neither does it hold that expense of moving merchandise is recoverable. The opinion says on page 1089 of 197 Iowa Reports: "There is a distinction made between fixtures as such, and stocks of goods or personal property, as contradistinguished from fixtures."

In Estelle v. Iowa State Highway Commission, supra, plaintiff-lessee was put out of business. He could not find another suitable location and sale of his equipment was his only recourse.

Moving expense was not involved. The question was the value of his leasehold. Equipment particularly adapted to the business and its reduction in value to salvage value were elements to be considered. No such situation appears in the case at bar.

The words being considered in the case before us are by statute applicable to both owner and tenant. The Wet Wash and Estelle cases just mentioned are distinguishable from the case at bar because of the difference in the personal property involved. The distinguishing feature is not the difference between the legal estate of an owner or tenant. In the cited cases there was a reduction in value of the property condemned. Here there is no reduction in the market value of the merchandise involved.

In Volume 69 A. L. R.2d, beginning on page 1453, there appears an extensive annotation on the cost to property owner of moving personal property as element of damages or compensation in eminent domain proceedings. On page 1454 it is said: "The view sustained by the great majority of the cases is that an owner of real property taken or damaged in eminent domain is not entitled to compensation for the cost of removal of personal property from the premises."

On page 1461 it is said:

"There have been few clear holdings that an owner of real property taken in eminent domain may be allowed his cost of moving personal property as an independent item of damages. Some of the decisions have given no reason for their deviation from the normal result of no recovery, while others, although based in part on the court's view of general principles that should apply, have been further supported by particular statutory or constitutional provisions."

On page 1462 it is said:

"Failure of the legislative authority to supply direct approval of payments for expense of removing personal property incident to eminent domain proceedings has been referred to as supporting adherence to the general rule denying such recovery."

In line with substantial authority we conclude that the words "reduced in value" as they appear in section 472.14 of the

Code do not provide for compensation incident to the moving of merchandise from condemned real estate when as here there has been no showing of any reduction in the market value thereof.

It is not for us to read into the statute enumerating compensable items something that is not there. Had the legislature intended that the cost of moving merchandise should be a compensable item incident to the condemnation of real estate it would have so provided.

The case is—Affirmed.

GARFIELD, C. J., and THOMPSON, MOORE and STUART, JJ., concur.

PETERSON, LARSON and THORNTON, JJ., dissent.

HAYS, J., not sitting.

PETERSON, J. (dissenting)—I respectfully dissent. The majority has fallen into error in two respects: 1. It fails to give proper weight to the fundamental principle of eminent domain; that a condemnee is entitled to just compensation for any injury or damages suffered by him for the public good. 2. The majority places a very narrow, restricted and mistaken interpretation on the recent amendment to section 472.14, providing proper payment in condemnation cases, for losses in connection with personal property.

I.   One of the fundamental principles of our Anglo-Saxon jurisprudence is that no person's private property can be taken for public use without just compensation.

In developing the judicial system in Iowa our forefathers were not satisfied to leave this theory of justice and fair dealing to the legislature alone; it was placed, with approval by the people, in the fundamental law of our state, the Constitution. Article I, section 18, as to part pertinent to this case is as follows: "Private property shall not be taken for public use without just compensation first being made * * *".

This is almost as axiomatic as the sacred right of contract, or the fundamental right that a man's home is his castle, and he is entitled to hold it inviolate from disturbance, even by the law, except upon a warrant legally issued.

56

The provision in the Michigan Constitution as to Eminent Domain is in substance the same as the Iowa Constitution. After commenting on various phases of the Constitutional provision, the court properly stated in In re Bagley Avenue in City of Detroit, 248 Mich. 1, 5, 226 N.W. 688, 689: "Nothing can be fairly termed just compensation which does not put the party injured in as good condition as he would have been if the injury had not occurred."

This principle was quoted and approved in the case of In re Gratiot Avenue in City of Detroit, 294 Mich. 569, 293 N.W. 755. The Gratiot Avenue decision was based to a large extent upon the provisions of our case of Des Moines Wet Wash Laundry v. Des Moines, 197 Iowa 1082, 198 N.W. 486, 34 A. L. R. 1517. The quoted principle of law is correct and wholesome and should form the fundamental basis of the instant case.

II. With reference to Procedure under Power of Eminent Domain, section 472.14 was amended by the Fifty-eighth General Assembly, chapter 318, section 3, as follows: "In assessing the damages the owner or tenant will sustain, the commissioners shall consider and make allowance for personal property which is damaged or destroyed or reduced in value."

Since there was no actual taking of personal property the majority holds the last clause in the above quoted amendment is not effective as to plaintiffs; that the clause is not broad enough to involve cost of moving personal property when the property where it is located was condemned by the city for public use; that if the legislature had intended to include expense of hauling it would have said so.

With this interpretation I do not agree. It does not comply with constitutional intent as to Eminent Domain. Plaintiffs were injured to the extent of $5318.84 by the condemnation proceeding as completely as if the city had damaged or destroyed that amount of personal property.

The situation involves statutory interpretation. In order to properly do so we must take into consideration not only the constitutional provision, but several rules of construction.

50 Am. Jur., Statutes, section 242, page 236, states: "In the interpretation of statutes, some degree of implication or in-

ference may be called in to aid the discovery of the intention of the legislature as expressed in the statute under consideration. Indeed, a statute often speaks as plainly by inference as in any other manner * * *." This is supported by the following citations: McPherson v. State, 174 Ind. 60, 90 N.E. 610, 31 L. R. A., N. S., 188, and State ex rel. Otto v. Kansas City, 310 Mo. 542, 276 S.W. 389.

Also see 50 Am. Jur., Statutes, section 273, page 261, which states: "In construing statutes in relation to constitutional provisions, the courts take into consideration the principle that every statute is to be read in the light of the Constitution. * * * The court ought not, except for strong and powerful reasons, to give to the term a meaning different from that in which it is used in the Constitution."

In Bookhart v. Greenlease-Lied Motor Co., 215 Iowa 8, 11, 244 N.W. 721, 82 A. L. R. 1359, this court said: "In order to arrive at the proper construction to be placed upon a statute, it is proper to look at the law as it previously stood, the matter sought to be remedied, and the nature and spirit of the statute. * * * 'The purpose and object that the Legislature had in mind sometimes throws light upon the meaning of the language used.' "

Referring to the amendment adopted by the 58th G. A. the facts are that we had so many Highway Commission condemnation cases where taking etc. of personal property was involved that the legislature wanted to correct a serious defect in our laws. There is no question about what they had in mind. They wanted to make any citizen whole who was being hurt by any condemnation proceeding. They could not go into every detail involved in correcting the wrong, so they covered it by using the statement of damaged or destroyed personal property, and, as a general statement covering many situations, personal property "reduced in value."

It is my contention that plaintiffs' property was clearly and definitely "reduced in value" by the condemnation proceedings of the City. There is no dispute as to the facts. The parties stipulated it would cost plaintiffs $5318.84 to move their stock of goods, fixtures etc. This situation was brought about solely by defendant's action. We have a right to say, and under the

constitutional provision should say, that plaintiffs' stock of goods etc. was reduced in value as it stood there upon the condemned ground, subject to prompt removal, to the extent of the agreed cost of moving.

For example if a buyer had appeared at plaintiffs' warehouse ready, willing and able to buy all the personal property, at the condemned location, and asked plaintiffs their price, what price would have been quoted? The market value of the goods, *less cost of moving them to another reasonably close location,* as plaintiffs were going to do. This is exactly in accordance with the wording of the statute; the extent of the "reduction in value." It is impossible to find a more definite reduction in value, due directly to a condemnation proceeding. Plaintiffs had a right to receive what the personal property was worth on the premises condemned. This included the cost of hauling. Otherwise they were injured to that extent by the condemnation. We are obligated to say so, if we follow the Constitution.

III. I am not without precedent and support as to this position. The majority refers to Estelle v. Iowa State Highway Commission, 254 Iowa 1238, 119 N.W.2d 900. It correctly states there is no precedent in that case for the instant case, pro or con. The majority also refers to Des Moines Wet Wash Laundry v. City of Des Moines, supra, and attempts to differentiate it from the case at bar. I admit the court in the Laundry case stated the cost of moving the machinery etc. was one of the factors to be taken into consideration in establishing the measure of damages. It is a clear precedent for the proposition that cost of moving should be considered. The fact that there were no other factors to be considered is not material or conclusive against plaintiffs. This court approved the instruction of the trial court which said: " 'You may consider the * * * cost of removing the machinery and equipment from said leased premises, and the fair and reasonable cost of cartage or transportation for a reasonable distance, which you may find was necessary. * * * If you find * * * the new location was a reasonable distance * * * then such *cartage and transportation* * * * may be included in the damages which plaintiff has sustained.' " (Page 1085 of 197 Iowa)

In the instant case plaintiffs' situation is identical with that of the Des Moines Wet Wash Laundry case. I contend this is a clear precedent for reversal.

Florida has held similarly, as shown in 1961 Cumulative Supplement of Am. Jur., Eminent Domain, section 255, page 132: "A construction company whose realty is taken under the power of eminent domain, the company being thereby forced to move to a new location [this is exactly plaintiffs' situation], has been held entitled to have included in its compensation the reasonable cost of moving its equipment to the new location. Jacksonville Expressway Authority v. Henry G. Du Pree Co. (Fla.) 108 So.2d 289, 69 A. L. R.2d 1445."

I would reverse.

LARSON and THORNTON, JJ., join in this dissent.