STATE HIGHWAY COMMISSIONER *v.* ENGLEBRECHT.

1. EMINENT DOMAIN—JUST COMPENSATION—TAKING OF PART OF PARCEL OF LAND.

   Just compensation, for the taking of part of a parcel of land, is allowable for the value of the part actually taken as direct compensation and the decreased value of the residue is also allowable as compensation (CL 1948, § 213.176).

2. SAME—CONTIGUOUS LOTS—REMAINDER—INTEREST IN LEASED LOT.

   Contiguous lots, a part of both of which owner had leased to another and the remainder of which owner and lessee were negotiating a lease, *held,* a single parcel of land so that condemnation of part of the lot which was not leased resulted in part condemnation of the entire tract, consisting of both lots, and the decreased value of the residue of the entire tract was a proper basis for award of compensation.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  18 Am Jur, Eminent Domain § 265 *et seq.*

Appeal from Macomb; Deneweth (George R.), J. Submitted Division 2 February 10, 1966, at Lansing. (Docket No. 332.)   Decided March 22, 1966.   Rehearing denied May 3, 1966.

Petition by John C. Mackie as State Highway Commissioner of the State of Michigan to condemn certain lands in Clinton township, Macomb county, including that owned by Wesley Englebrecht and his wife. From an award for defendants, plaintiff appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Louis J. Caruso* and *Robert J. Taube,* Assistant Attorneys General, for plaintiff.

*Kenneth N. Sanborn,* for defendant.

QUINN, J. Plaintiff appeals from an award of damages to defendants by Macomb county circuit court in a condemnation proceeding incident to improving highway US–25. The only issue raised by the appeal is whether any award is legal under the facts of the case.

Defendants are the owners of lots 32 and 44, Meadows Subdivision, Clinton township, Macomb county. The lots are contiguous. February 17, 1958, defendants leased a major portion of lot 44 and a part of lot 32 to B. F. Goodrich Company for a term of 10 years. The lessee constructed a retail store on part of the leased premises and used the remainder for customer parking. Plaintiff acquired a portion of lot 32 for highway improvement. The taking did not touch lot 44 or the leasehold, although it came within 7/10 of a foot of the leasehold. Being unable to agree on defendants' claim for damages as it related to the leased portions of lots 44 and 32, the

parties stipulated for two awards and designated the unleased portion of the lots as parcel C–19 and the leased portion as parcel C–19A. An award was made and paid as to parcel C–19. This appeal is from the award made for parcel C–19A.

Although admitting that at one time C–19 and C–19A were one parcel, plaintiff contends that by leasing C–19A defendants divided the one parcel, and since there is no taking of any part of C–19A, there is no compensation allowable as to it. To sustain this position, plaintiff argues that the statute, CL 1948, § 213.176 (Stat Ann 1958 Rev § 8.177), fixes the time of taking as the time of recording the determination of necessity, which in this case was October 12, 1962. On this date, the only factors linking C–19 and C–19A were the reversionary interest of defendants in C–19A and the physical contiguity of the two properties. Plaintiff argues that these factors are insufficient as a basis for determining that the two parcels constitute a tract from which the taking occurred because they do not meet 2 of 3 recognized tests utilized for this purpose; namely, uniformity of ownership in both properties and unity of use. The other test, contiguity, is clearly met.

The keystone of plaintiff's argument is the assumption that by leasing parts of the lots, defendants subdivided what plaintiff concedes was one parcel prior to the leasing. On the facts presented here, this Court will not make that assumption. The fee to all of lots 44 and 32 is in defendants. By leasing part of each, it can be said this was recognition of the fact the lots were one parcel as well as it can be said such leasing constituted a subdivision of the parcel. The testimony indicates that the lessee was negotiating with defendants for an expansion of its lease over the unleased portion. The

unleased portion of lot 44 is a strip approximately 34 feet deep by 200 feet wide, or approximately 6,800 square feet. The unleased portion of lot 32 west of the right-of-way is approximately 34 feet by 102 feet, or approximately 3,500 square feet. This land is zoned C–1. Section 4:09–2 of the township zoning ordinance requires 10,000 square feet of land before a building can be constructed in a C–1 zone. Under these facts, this Court holds that lots 44 and 32 are one parcel of land, part of which is under lease.

From *Port Huron & S. W. R. Co.* v. *Voorheis* (1883), 50 Mich 506, through *In re Grand Haven Highway* (1959), 357 Mich 20, our Supreme Court has held (p 26):

" 'Where only part of a parcel is taken, just compensation is to be determined by the amount which the value of the parcel from which it is taken is diminished. The value of the part actually taken is allowed as direct compensation, but the decreased value of the residue of the parcel on account of the use made of the land taken is also allowable as compensation.' "

The award of the trial court is affirmed, with costs to defendants.

LESINSKI, C. J., and T. G. KAVANAGH, J., concurred.