CITY OF DETROIT *v.* LOULA.

1. EMINENT DOMAIN — COMPENSATION — BENEFIT TO LAND LEFT MAY NOT BE CONSIDERED WHERE IN ASSESSMENT DISTRICT AND TAXED FOR ITS PROPORTIONAL SHARE OF DAMAGES.

In proceedings under the charter of the city of Detroit to condemn land for the purpose of widening a city street ten feet on the south side, where the city council had fixed a special assessment district to bear a part of the damages awarded, and the property affected is within said district and therefore the property left will pay its

proportional share of the tax for said improvement, the jury, in awarding compensation, should not take into consideration the fact that it will be benefited by facing on a wider street.

2. SAME—CITY NOT ENTITLED TO HAVE HOUSE MOVED TO SAVE DAMAGES.

Where six feet of the front of a cottage on defendant's land will be taken, and it is on a foundation and therefore part of the real property, the city is not entitled to ask, in the absence of constitutional or statutory authority to do so, that the whole cottage be moved back on land not taken, to save paying damages for the full injury done.

3. SAME — MEASURE OF DAMAGES WHEN ONLY PART OF HOUSE TAKEN.

Where only a part of a building is taken, if the remaining portion is of great value, and there can be advantageous reconstruction, rearrangement, and new adjustment, then the cost of altering the building and all consequential damages because of such alteration, plus the value of the part taken, furnishes the rule for measuring the compensation to be awarded for taking a part of the building.

Error to recorder's court of Detroit, Jeffries (Edward J.), J. Submitted May 1, 1924. (Docket No. 114.) Decided May 21, 1924.

Condemnation proceedings by the city of Detroit against Anna Loula and others to widen a street. From an order confirming an award of the jury, plaintiff brings error. Reversed.

*George A. Kelly*, Corporation Counsel, and *Bernard F. Weadock* and *Bruno L. Blinstrub*, Assistants Corporation Counsel, for appellant.

*Chawke & Sloan*, for appellee.

WIEST, J. In this proceeding, under the right of eminent domain, instituted by the city of Detroit, to widen Buchanan street 10 feet on the south side be-

tween 23d and 24th streets, the city, by appeal, brings three questions before the court:

(1) Where a part of a lot is taken, leaving the remainder fronting on a street widened to the extent of land taken, may the jury, in awarding compensation, consider that the land not taken will front on a wider street?

(2) Where six feet of the front of a dwelling house is taken may the jury consider the cost of moving the house back on land not taken and award, as compensation, the estimated cost of such moving, plus any consequential damages and the value of the land taken and resultant damages to the land not taken?

(3) Where such part only of a house is taken is compensation to be based on reproduction cost new of the whole house, less depreciation, or on the cost of altering the house to the new street line, plus the value of the material taken and any consequential damages by reason of such alteration?

1. The record discloses that Anna Loula owns a lot with a cottage thereon; that the proposed widening of the street will take the front 10 feet of her lot and the front 6 feet of her house.    Buchanan street, at the point involved, is now 34 feet wide between curbs and has double street car tracks, leaving insufficient room between the tracks and curbs for vehicular traffic, and counsel for the city claimed that, in assessing damages to the part of the premises not taken, the jury should be permitted to consider the advantage of its fronting on a wider street.    This was not permitted.

In accordance with the charter of the city the common council, before instituting this proceeding, declared, by resolution, the intention to assess a part of the damages awarded upon a special district extending 100 feet back from the lines of the street as widened, declaring such real estate especially benefited in the opinion of the council.

The charter of the city, title 8, chap. 1, § 15, also provides:

"The council shall by resolution determine whether the whole or any just proportion of the compensation awarded by the jury shall be assessed upon the owners or occupants of real estate contained in the assessment district, already fixed and determined as hereinbefore provided, and the whole or any of such just proportion so determined shall be assessed upon the owners or occupants of such taxable real estate, in proportion, as nearly as may be, to the advantage which such lot, parcel or subdivision is deemed to acquire by the improvement."

These provisions provide a method by which the land not taken pays its just share for the advantage acquired by reason of the improvement.   Where the cost of an improvement is to be borne, in whole or in part, by special assessment upon property within a district benefited thereby, the jury can give no consideration to any benefit or advantage to land not taken, in awarding compensation for land taken and damages to land affected thereby.   Any advantage or benefit to the land not taken, by reason of fronting on a wider street, is a special advantage or benefit and can be considered but once.   Under the charter, the council having fixed a special assessment district to bear a part of the damages awarded, and defendant's property being within such district, and, therefore, must pay by proportional tax for the advantage acquired by reason of the improvement, the first question is answered in the negative.

2. We understand the cottage sets on a foundation and is, therefore, a part of the real property.   This being true the city, in a desire to minimize compensation to be awarded for the real estate taken, cannot ask, in the absence of constitutional or statutory authority to do so, that the whole cottage be moved back on land not taken to save paying damages for the full injury done.

Counsel for the city cite 10 R. C. L. p. 142:

"If a building or the materials of which it is built

or the fixtures attached thereto are capable of removal, and have some value above the expense of removal, and the building is not needed for the public use for which the land is taken, the interest in the land taken by the public will not include the buildings and fixtures, and the fair value of the property so removed over and above the cost of removing it should be deducted from the compensation payable to the owner."

The only authority cited in support of the text quoted is *Mangles* v. *Hudson County,* 55 N. J. Law, 88 (25 Atl. 322, 17 L. R. A. 785), and an examination of that case discloses the fact that the holding there was based wholly upon a statute. We have no such statute and, therefore, the authority cited is inapplicable. Under the Detroit city charter the recorder was clearly right in excluding evidence of the cost of removing the building.

3. Only a part of the building is taken and if the remaining portion is of great value and there can be advantageous reconstruction, rearrangement and new adjustment, then the cost of altering the building and all consequential damages because of such alteration, plus the value of the part taken, furnishes the rule for measuring the compensation to be awarded for taking a part of the building.

"In determining the amount of damages the jury must either consider the remainder worthless and allow the value of the whole building, or consider what could be done with the remainder and the cost of doing it." *West Chicago Masonic Ass'n* v. *City of Chicago,* 215 Ill. 278 (74 N. E. 159).

It was claimed that six feet could be taken from the front, the cottage rebuilt and made as useful as before. The reproduction value of the cottage, less depreciation, was shown to be $5,500. The court instructed the jury such would be the measure of damages in taking a part of the building. In this

the court was in error.    The rule we have stated should be applied.

The award to defendant Anna Loula is reversed with costs to the city of Detroit, and the case is remanded for re-assessment of her compensation by a new jury to be impaneled.    This does not re-open any other question.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.