*In re* WIDENING OF MICHIGAN AVENUE, FOURTEENTH TO VINEWOOD (PARCEL 90).

KRYDA'S APPEAL.

1. EMINENT DOMAIN—ENRICHMENT OF OWNER.
   Condemnation awards must not be allowed for the purpose of enrichment of the owner.

2. SAME—CREDIBILITY OF WITNESSES IS FOR JURY.
   The jury in a condemnation proceeding is the judge of the credibility of the witnesses and truthfulness of their statements.

3. SAME—DETERMINATION OF JURY—SUPREME COURT—EVIDENCE— VIEW OF PREMISES.
   Determination of jury as to disputed questions of fact in condemnation proceedings is final and not subject to disturbance by Supreme Court so long as it is within fair range of testimony and facts learned in their examination of the property.

4. SAME—REHABILITATION OF BUILDINGS—EVIDENCE.

In condemnation proceedings to widen a street, wherein parties agree that building on land remaining should be rehabilitated, Supreme Court will not substitute its judgment for that of the jury as to minimum value where jury viewed the premises and deliberated at length and award for land taken and cost of rehabilitation was within range of testimony although greatly at variance with amount of damage claimed by plaintiff.

5. SAME—SUPREME COURT—FORMULAS FOR DETERMINING VALUE.

The Supreme Court cannot set up a formula or dictate the method which must be followed by a jury in its determination of value of property taken in condemnation proceedings.

6. SAME—MEASURE OF DAMAGES WHEN ONLY PART OF A BUILDING IS TAKEN.

Where only a part of a building is taken, if the remaining portion is of great value, and there can be advantageous reconstruction, rearrangement, and new adjustment, then the cost of altering the building and all consequential damages because of such alteration, plus the value of the part taken, furnishes the rule for measuring the compensation to be awarded for taking a part of the building.

7. SAME—FUNCTION OF TRIAL JUDGE—JURY.

In condemnation proceedings the jury is the judge both of the law and the facts and the trial judge functions only in an advisory capacity.

Appeal from Recorder's Court of Detroit; Brennan (John V.), J. Submitted August 8, 1941. (Docket No. 82, Calendar No. 41,597.) Decided September 2, 1941.

Condemnation proceedings by City of Detroit to widen Michigan avenue from Fourteenth to Vinewood avenues. From verdict and award to Libbie C. Kryda for damage to real estate in an amount claimed to be insufficient, she appeals. Affirmed.

*Bishop & Bishop*, for appellant.

*Paul E. Krause, Clarence E. Page,* and *Ralph Jossman,* for City of Detroit.

BOYLES, J. This is an appeal from an award by jury of damages for the taking of certain property in Detroit in condemnation proceedings to widen Michigan avenue. Appellant landowner claims the award does not provide just compensation for the taking for the reason that a proper method was not followed by the city in proving values. 99 other parcels were included in the proceeding. The parcel in this appeal is located on the northeast corner of Michigan avenue and West Grand Boulevard. It has a frontage of 21½ feet on Michigan avenue and a depth of 100 feet along the Boulevard and is entirely covered by a two-story brick structure. In widening Michigan avenue, the city of Detroit seeks to condemn a depth of 39.68 feet along the Boulevard, still leaving a frontage of 21½ feet on Michigan avenue, and a depth of 60.32 feet on the Boulevard. Both parties concede that the remainder can be and should be rehabilitated; and the award was based upon rehabilitation of the remainder, rather than a taking of the entire parcel.

On behalf of the city, testimony was received to show that the value of the entire parcel—land and building—before taking is $18,000; that the cost of rehabilitating that part of the property not taken would be $3,500; and that the value of the rehabilitated remainder would be $12,000. The city then deducted the value of the rehabilitated remainder from the entire value of land and building before taking, establishing $6,000 as a basis for determining the value of the part taken. The city's witness, however, refused to fix this definitely as the value of the part taken, although this witness then added $3,500 as the cost of rehabilitation, fixing the total damages

for taking at $9,500. Appellant claims that as a result of this formula the cost of rehabilitation both has been deducted from appellant's damages and later added and that, therefore, plaintiff under this method would not receive the cost of rehabilitation. Appellant agrees, however, that it would be correct to ascertain the value of the part taken by another method; that where the rehabilitated remainder valued at $12,000 is composed of two factors, to wit, $3,500 cost of rehabilitation and the *unrehabilitated* remainder of unknown value, if the factor "rehabilitation of $3,500" is deducted from the value of the *rehabilitated* remainder of $12,000, the difference, representing the value of the *unrehabilitated* remainder, would be $8,500; deducting this from the $18,000 value of the whole would determine the value of the part taken at $9,500. Appellant claims that under this formula by adding to the cost of the part taken ($9,500) the cost of rehabilitation ($3,500), the minimum award would be $13,000. The jury evidently found merit in this contention and the jury's award of $12,500 indicates that appellant's theory was substantially adopted.

Appellant, by the use of a different method of computation and appraisal, offered testimony as to values differing from that of the city. This proof showed that the reconstruction cost of the building alone, less depreciation, before taking is $17,637.75; that the cost of rehabilitating the remainder would be $5,629; that by adding the two together the total building investment of appellant is $23,266.75; appellant values the *rehabilitated* remainder at $11,887.29, and by subtracting this from the total investment figure reaches a value of the part taken at $11,379.46. To this, the appellant then adds his estimate of the cost of rehabilitation, $5,629, and thereby claims a *building* damage of $17,008.46.

Appellant then computes the value of the land itself, separate from the building, and obtains a claimed land damage of $4,170 for the part taken. Adding the claimed building damage and the claimed land damage, appellant claims that a total of $21,178.46 should be paid to the owner as damages. The jury evidently found difficulty in following appellant's theory in asking for an award of $21,178.46, in view of other testimony introduced by the owner which may be tabulated as follows:

Present value of *entire building* before taking.......................$17,637.75
Present value of *entire land* before taking........................... 10,750.00
        Total ................$28,387.75

Damages to be paid owner..........$21,178.46
Value of remaining part of building after rehabilitation............... 11,887.29
Value of land under rehabilitated building ........................ 6,580.00
        Total ................$39,645.75
    Less owner's estimate of cost of rehabilitation ................–5,629.00
        Balance for owner.........$34,016.75

This would be an enrichment of the owner because of the taking of a part of the parcel. Under this method, it would be cheaper for the city to take the entire land and building, rather than a part of it. Condemnation awards must not be allowed for the purpose of enrichment of the owner.

These various formulas and methods of computation were fully presented to the jury together with all the pertinent facts concerning the building itself, its occupancy, its interior structure, rental returns, and detailed figures on the cost of rehabilitation. The jury were advised they might view the

various parcels to be taken, and nearly two months were consumed by the jury in their deliberations. The jury awarded appellant $12,500 damages. This was well within the range of minimum and maximum figures given by the respective parties. Whatever merit there might be in appellant's contention that the minimum figure set by the city did not allow appellant the cost of rehabilitation is answered by the jury's award of $12,500 as damages for the taking.

"The jury in a condemnation case is, as in other cases, the judge of the credibility of the witnesses and the truthfulness of their statements. The jurors hear the testimony, examine the property, consider the estimates placed upon the damages which should be awarded to the respective parties, and make a final determination. Like any other tribunal which is created for the determination of disputed questions of fact, their determination is final and this court may not disturb it so long as it is within the fair range of the testimony and of the facts which the jury may have learned in their examination of the property." *In re Widening of Michigan Avenue,* 280 Mich. 539, 552.

The city's witness as to values definitely stated that his minimum figure of $6,000 was not to be considered as an estimate of the value of the part taken. We must conclude from the record that some latitude was intended for the jury in that regard. Appellant claims that the award should have been not less than $13,000. Under this record and in view of the previous decisions of this court, we cannot substitute our judgment for that of the jury as to the minimum value.

"The jury may listen to the opinions of witnesses, their estimates of value, and their methods of arriving at the conclusions expressed, but the jury is not

bound by the testimony alone; they are to exercise their judgment based not only upon the testimony but their own knowledge gained from a view of the premises. They are not to be interfered with or dictated to by the judge. The jury are judges both of the law and facts." *In re Widening of Bagley Avenue*, 248 Mich. 1.

Nor can this court set up a formula or dictate the method which must be followed by the jury in its determination of value.

"Many technical rules have been promulgated for determining value, none of which are important. The determination of value is not a matter of formulas or artificial rules, but of sound judgment and discretion based upon a consideration of all the relevant facts in a particular case." *In re Widening of Bagley Avenue, supra.*

See, also, *In re Widening of Michigan Avenue, supra,* 548.

In condemnation proceedings, the jury is the judge both of the law and the facts. In the case at bar, the judge who set in motion the condemnation proceedings by organizing the jury carefully instructed the jury that the court was acting only in an advisory capacity, and correctly advised the jury as to the rule for measuring the award of compensation.

"Only a part of the building is taken and if the remaining portion is of great value and there can be advantageous reconstruction, rearrangement and new adjustment, then the cost of altering the building and all consequential damages because of such alteration, plus the value of the part taken, furnishes the rule for measuring the compensation to be awarded for taking a part of the building." *City of Detroit v. Loula,* 227 Mich. 189, 193.

See, also, *In re Widening of Bagley Avenue,*
*supra.*

The award made by the jury was within the minimum and maximum amounts of damages as disclosed by the record, and the findings of the jury are supported by the evidence. The trial consumed several weeks and was well and ably conducted by experienced counsel, full latitude was allowed in receiving testimony, and the judge, explaining he was acting solely in an advisory capacity, fully and correctly advised the jury as to the law applicable to the proceeding. Any excess of zeal by counsel in presenting their respective claims to the jury failed to result in an award of damages requiring a reversal. We cannot say from the record in this case that the jury violated the law or misused the powers delegated to them by the Constitution in the determination of this case.

The award of compensation is affirmed, with costs of this appeal.

SHARPE, C. J., and BUSHNELL, CHANDLER, NORTH, STARR, WIEST, and BUTZEL, JJ., concurred.