DEPARTMENT OF TRANSPORTATION v SHERBURN

Docket No. 132930. Submitted February 12, 1992, at Grand Rapids. Decided October 19, 1992, at 9:10 A.M.

The Department of Transportation brought an action in the Berrien Circuit Court, Zoe S. Burkholz, J., against Loris and Helen Sherburn to determine appropriate compensation to be paid for the partial taking by condemnation of 28.3 acres of the defendants' 124-acre farm. The court instructed the jury that the measure of damages is the difference between the market value of the entire parcel before the taking and the market value of the retained parcel after the taking plus any loss of value in the retained parcel as a result of the taking. The court further instructed that the jury could consider the cost to cure any loss in value of the retained parcel that was attributable to the taking, but that the cost-to-cure damages could not exceed the difference between the market value of the entire parcel before the taking and the market value of the retained parcel after the taking. The jury returned a verdict, and judgment was entered. The defendants' appealed.

The Court of Appeals *held:*

1. The proper measure of damages in a condemnation action involving a partial taking is the fair market value of the property taken plus any applicable severance damages, i.e., the cost to cure any loss in the value of the remaining parcel as a result of the taking. The cost-to-cure damages may not exceed the diminution in value of the remaining parcel. Although the court erred in its instruction regarding the maximum permissible cost-to-cure damages, the error was to the defendants' benefit because the court's formula under these facts would have allowed a higher cost-to-cure recovery than that to which they were entitled.

2. The trial court did not require the defendants to call a second expert witness but rather properly held that the failure of their first expert to testify concerning the value of the remaining parcel after the taking constituted a failure to

REFERENCES
Am Jur 2d, Eminent Domain § 310.
See the Index to Annotations under Eminent Domain.

present the proofs necessary to calculate the cost-to-cure damages and properly permitted the defendants the opportunity to call a second expert to cure that defect in proofs.
Affirmed.

EMINENT DOMAIN — DAMAGES — PARTIAL TAKING — COST TO CURE.
The proper measure of damages in a condemnation action involving a partial taking of a parcel is the fair market value of the property taken plus any applicable severance damages; severance damages are damages representing the cost to cure any loss in the value of the retained parcel as a result of the taking and may not exceed the diminution of the retained parcel.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Patrick F. Isom* and *Ronald F. Rose,* Assistant Attorneys General, and *James J. Kobza,* Special Assistant Attorney General, for the plaintiff.

*Walsh, Langeland, Walsh & Bradshaw* (by *Richard C. Walsh* and *Patrick M. Walsh*), for the defendants.

Before: McDONALD, P.J., and SULLIVAN and REILLY, JJ.

McDONALD, P.J. Defendants appeal as of right a judgment of the trial court, entered on a jury verdict, awarding them $56,600 for the partial taking by condemnation of 28.3 acres of their 124-acre farm. The condemnation resulted from an action instituted by plaintiff Michigan Department of Transportation for the planned extension of US-31 in Berrien County, Michigan. On appeal, defendants claim the award was insufficient. We affirm.

The dispute in this case concerns the appropriate formula to determine damages in a partial taking where the value of the remaining parcel of land has been diminished by the taking. During trial, both sides presented expert testimony regarding the proper calculation of damages. Plain-

tiff's expert witness, an independent real estate appraiser, utilized a market comparison or market data approach in valuing the affected property. After calculating the cost per acre for defendant's property, plaintiff's method resulted in a market value of $122,800 for the 124 acres. Using the same method, he found the 95.7-acre parcel remaining after condemnation to be worth $75,600. Thus plaintiff alleged defendants' damages were $47,200, the difference between the value of the entire parcel and the value of the remaining parcel after condemnation.

Defendants' first expert witness, a real estate appraiser and realtor, using a comparable sales method, testified that in his opinion the market value of the farm before condemnation was $215,000. The witness also estimated it would cost defendants $183,000 to replace the mature vineyards, peach and apple trees, and buildings lost in the condemnation. The witness believed defendants, in addition to retaining possession of the remaining 95.7 acres, should recover the $183,000 cost-to-cure damages.

Plaintiff's counsel moved to strike defendants' witness' testimony on the ground that the cost-to-cure approach was legally impermissible where there was no evidence of the value of the remaining parcel submitted to the jury by which the appraisal of the cost to cure could be judged. The trial court reserved ruling on the motion, giving defendants the opportunity to present evidence indicating that the difference between the value before and the value after the taking exceeded the $183,000 cost-to-cure figure.

Defendants then called their second witness, an independent fee appraiser, who testified that, using the market data approach, the market value of defendants' farm before the taking was $345,000

and the market value of the remaining parcel after the taking was $139,000, leaving a difference of $206,000.

In his closing argument, while recognizing that the cost to cure was an acceptable measurement of damages, plaintiff's counsel argued the cost-to-cure damages could never exceed the difference between the value of the property before the taking and the value of the remaining parcel after the taking. On this point, the trial court gave the following relevant jury instruction:

> When only part of a larger parcel is taken, as is the case here, the owner is entitled to recover not only for the property taken, but also for any loss in the value to his or her remaining property. The matters—the measure of compensation is the difference between the market value of the entire parcel before taking and the market value of what is left of the parcel after the taking.
>
> Cost to cure is a measure of damages which may be considered by the jury, provided the cost to cure does not exceed that difference between the market value of the entire parcel before the taking and the market value of what is left of the parcel after the taking.

Defendants objected to this instruction. The jury returned an award of $56,600. Defendants now appeal the sufficiency of the jury's award, claiming the instruction limiting the maximum amount of cost-to-cure damages recoverable was error warranting reversal. While we agree the instruction was erroneous, the error, unobjected to by plaintiff, was in defendants' favor and thus does not require reversal.

Generally, in eminent domain cases a condemnee's damages are measured by the fair market value of the property taken. However, where, as

here, a partial taking occurs, it is possible for the property not taken (the remainder) to suffer damages attributable to the taking. These damages have been described as "severance damages," which may be measured by calculating the difference between the market value of the property not taken before and after the taking. *Pima Co v De Concini,* 79 Ariz 154; 285 P2d 609 (1955). Where severance damages have occurred, it may sometimes prove possible for the property owner to perform certain actions upon the property to rectify the injuries in whole or in part, thus decreasing the amount of severance damages and correspondingly increasing the parcel's market value. These actions constitute a "curing" of the defects, and the financial expenditures necessary to do so constitute the condemnee's cost to cure.

Michigan has for many years recognized that determination of a condemnee's cost to cure is a valid method of appraising the severance damages for which the condemnee is entitled to compensation. See *In re Widening of Michigan Ave, Fourteenth to Vinewood,* 298 Mich 614; 299 NW 736 (1941); *In re Widening of Michigan Ave, Roosevelt to Livernois,* 280 Mich 539; 273 NW 798 (1937); *In re Widening of Bagley Ave,* 248 Mich 1; 226 NW 688 (1929); *Detroit v Loula,* 227 Mich 189; 198 NW 837 (1924); *Jack Loeks Theatres, Inc v Kentwood,* 189 Mich App 603; 474 NW2d 140 (1991). However, it has also been recognized that the cost-to-cure damages in a given case are not unlimited. Thus, in *In re Widening of Michigan Ave, supra,* 298 Mich 618, our Supreme Court found improper a condemnee's proposed award of damages consisting of the market value of the property taken, possession of the remainder property, and cost-to-cure expenses where the total damages exceeded the market value of the whole property before the

taking. An owner is not to be enriched because of the condemnation. 4A Nichols, Eminent Domain (rev 3d ed) § 14.04, pp 14-97—14-98, recognizes cost to cure as a valid measure of damages "only when it is no greater in amount than the decrease in the market value of the [remainder] property if left as it stood." Nichols adds at volume 5, § 18.18, pp 18-119—18-120, "[i]n other words, the cost to cure cannot exceed the damage to the remaining property."

We conclude, as prior Michigan law illustrates, that the proper measure of damages in a condemnation case involving a partial taking consists of the fair market value of the property taken plus severance damages to the remaining property if applicable. To calculate the severance damages, the parties may present evidence of the cost to cure. However, the cost-to-cure expenses may not exceed the diminution in value of the remainder parcel. Thus, the value of the remainder property plus the cost-to-cure expenses and the fair market value of the parcel taken may not exceed the fair market value of the whole parcel before the taking. These principles may be distilled into the following formula. Where there is no claim of severance damages, the maximum damages recoverable equal (the market value of the entire parcel before the taking) minus (the market value of the parcel remaining after the taking). Where severance damages are claimed, the maximum damages recoverable equal (the market value of the parcel taken) plus (the market value of the remainder after the taking) plus (the cost-to-cure expenses); however, the total damages awarded may not exceed the fair market value of the whole parcel before the taking.

In this case, although the trial court correctly concluded that cost-to-cure damages are not recov-

erable to the extent that they exceed the market value of the entire property before the taking, it erred in instructing the jury in a manner that might have resulted in an award of cost-to-cure damages in excess of the diminution in value of the remainder parcel. According to the instructions utilized by the court, the maximum cost-to-cure damages recoverable were to be calculated by taking the market value of the entire parcel before the taking and subtracting the market value of the remainder after the taking. Instead of using as the minuend the market value of the remainder parcel before the taking, the trial court erroneously substituted the market value of the entire property before the taking. Under the facts of this case, the proper minuend would have been a number substantially less than the market value of the entire property before the taking, and the upper limit of cost-to-cure damages, if calculated using the proper formula, would have been far less than the number arrived at using the court's instruction. Although the court erred in instructing the jury concerning the formula to use to calculate cost-to-cure damages, the error does not warrant reversal, because, under the court's formula, defendants could have received a higher cost-to-cure recovery than that to which they were entitled. The trial court's error accrued to defendants' benefit, not their detriment. We therefore affirm.

Defendants finally contend the trial court erred in requiring them to produce a witness who could establish a value for the reminder parcel after the taking. We have reviewed the record and find this argument to be without merit. Defendants called their second witness after plaintiff claimed defendants' failure to present a value of the remainder after the taking was an omission in their proofs. Defendants' second expert witness subsequently

testified that the value of the remainder after the taking was $139,000. As we have noted, the value of the remainder after the taking is an integral part of the formula for calculating the upper limit of cost-to-cure damages. Defendants sought cost-to-cure damages, and we find no error by the trial court in compelling defendants to prove an essential ingredient of their case. Defendants' counsel referred to this expert as an anticipated witness, and their contention that the trial court forced this testimony is without merit.

Affirmed.