OAKLAND COUNTY BOARD OF COUNTY
ROAD COMMISSIONERS v JBD ROCHESTER, LLC

Docket No. 263123. Submitted March 16, 2006, at Detroit. Decided
March 23, 2006. Approved for publication May 16, 2006, at 9:05
a.m.

The Oakland County Board of County Road Commissioners brought
a condemnation action in the Oakland Circuit Court against JBD
Rochester, L.L.C.; The Villa; and others. The plaintiff filed a
motion in limine to exclude appraisals of the property that took
into consideration a posttaking road construction delay caused by
congressional funding problems. The court, Rae Lee Chabot, J.,
denied the motion. The plaintiff appealed by leave granted.

The Court of Appeals *held*:

The trial court erred by admitting appraisals of the property
that took into consideration the posttaking road construction
delay. The proper measure of damages in a case involving a partial
taking consists of the fair market value of the property taken, plus
severance damages to the remaining property if applicable. Sever-
ance damages are damages to the remaining property that are
attributable to the taking. To calculate the severance damages, the
parties may present evidence of the cost to cure. In this case, the
defendants claimed that the evidence is relevant to a determina-
tion of their severance damages. The delay in funding, however,
and not the taking itself, caused the alleged severance damages.
The defendants placed an unwarranted reliance on the expectation
that the road project accompanying their development project
would be completed. The defendants may not impose their own
construction timetable on the plaintiff under the banner of receiv-
ing just compensation for the property taken. The defendants'
choice to undertake the road project themselves when the funding
was delayed was simply a consequence of their market decision to
take advantage of an expected public works project to which they
had no claim in the first place. Allowing the evidence would invite
the jury to enrich the defendants at the public's expense, which is
not just compensation. Excluding the evidence does not impermis-
sibly enrich the public at the defendants' expense.

Reversed and remanded for further proceedings.

EMINENT DOMAIN — JUST COMPENSATION — SEVERANCE DAMAGES.

> The proper measure of damages in a condemnation case involving a partial taking consists of the fair market value of the property taken, plus severance damages to the remaining property if applicable; severance damages are damages to the remaining property that are attributable to the taking, and they may be calculated using evidence of the cost to cure.

*Clark Hill P.L.C.* (by *Donald F. Tucker, Douglas R. Kelly,* and *Greta M. Tackebury*), for the Oakland County Board of County Road Commissioners.

*Steinhardt Pesick & Cohen* (by *H. Adam Cohen* and *Jason C. Long*) for JBD Rochester, L.L.C.; and The Villa.

Before: OWENS, P.J., and KELLY and FORT HOOD, JJ.

PER CURIAM. Plaintiff appeals by leave granted the trial court's order denying its motion in limine to exclude appraisals of defendants' property that took into consideration a posttaking road construction delay caused by congressional funding problems. Defendants contend that the evidence is relevant to a determination of their cost to cure severance damages. We reverse.

Evidentiary rulings are reviewed for an abuse of discretion. *Dep't of Transportation v VanElslander,* 460 Mich 127, 129; 594 NW2d 841 (1999). "An abuse of discretion occurs when an unprejudiced person considering the facts upon which the decision was made would say that there was no justification or excuse for the decision." *City of Novi v Robert Adell Children's Funded Trust,* 473 Mich 242, 254; 701 NW2d 144 (2005).

The federal and state constitutions prohibit the taking of private property for public use without just compensation. *VanElslander, supra* at 129. " 'Just com-

pensation means the full monetary equivalent of the property taken.' " *Id.* (citation omitted). "Just compensation . . . must put the party injured in as good a position as he would have been if the inquiry had not occurred." *State Hwy Comm'r v Eilender,* 362 Mich 697, 699; 108 NW2d 755 (1961).

The proper measure of damages in a case involving a partial taking consists of the fair market value of the property taken, plus severance damages to the remaining property if applicable. *Dep't of Transportation v Sherburn,* 196 Mich App 301, 306; 492 NW2d 517 (1992). Severance damages are damages to the remaining property that are attributable to the taking. *Id.* at 305. "To calculate the severance damages, the parties may present evidence of the cost to cure." *Id.* at 306.

Plaintiff contends that the appraisals at issue should have been excluded because they consider posttaking factors and defendants are only entitled to recover the fair market value of their property at the time of the taking. In support of its position, plaintiff relies on *Dep't of Transportation v Haggerty Corridor Partners Ltd Partnership,* 473 Mich 124; 700 NW2d 380 (2005), in which our Supreme Court considered the admissibility of evidence that severed land subject to a partial taking was later rezoned as commercial and therefore more valuable. Though the lead and concurring opinions offered different rationales, a majority of the Court agreed that the trial court abused its discretion in admitting evidence of the rezoning after the retaking. *Id.* at 148 (opinion by YOUNG, J.);[1] *id.* at 164 (KELLY, J., concurring). The lead opinion concluded that the actual posttaking rezoning was irrelevant:

---

[1] Chief Justice TAYLOR and Justice CORRIGAN joined the lead opinion.

> In short, a posttaking zoning change is irrelevant to the just compensation calculation because it does not make the *fact of consequence*—that information regarding the reasonable possibility of a zoning change may have impacted the market value of property on the date of the taking—more probable or less probable. [*Id.* at 140-141 (opinion by YOUNG, J.) (emphasis in original).]

"[B]ecause just compensation must be calculated on the basis of the market value of a property on the date of the taking, the relevance of any such evidence is wholly dependent on whether, and how, the particular factor at issue would have affected the market participants *on that date*." *Id.* at 136 (opinion by YOUNG, J.) (emphasis in original). Justice KELLY agreed that the evidence was inadmissible. However, she reasoned that the evidence was inadmissible under MRE 403 because its probative value was substantially outweighed by its prejudicial effect. *Id.* at 149 (KELLY, J., concurring).

Defendants assert that a critical factual distinction between this case and *Haggerty* is that, in this case, they are not asserting that the posttaking construction delay affected the fair market value of their property; rather, they are seeking severance damages caused by the posttaking construction delay. As noted above, severance damages are damages to the remaining property that are attributable to the taking. *Sherburn, supra* at 305.

In this case, however, the delay in funding, and not the taking itself, caused the alleged severance damages. No market actor could have possibly known that problems in congressional funding would halt the road project. Defendants' development project commenced and continued. Only later did defendants learn of their predicament. The road project would not be completed when expected, and commercial tenants would soon arrive once defendants' buildings were constructed.

The strip of land that plaintiff now owned sat as a sort of buffer obscuring the presence of the commercial development, which would rely on the business of passing motorists. Buildings slated for demolition continued to stand on the strip. Powerless to obtain federal funding, defendants paid for the demolition and road pavement to secure their investment from wholesale failure. They did not ask for reimbursement for improvements that local authorities would have required in any event, which included entranceways and acceleration/deceleration lanes.

Defendants placed unwarranted reliance on the expectation that the road project would be completed. Delays caused by lack of funding occur with some regularity, as the situation in Congress had national effect and stalled many projects. Had the taking not happened until later, the funding situation would have remained the same and defendants would still have been pressed to decide to pave the road themselves. The only difference would have been that defendants would have owned the strip of land and could have pursued demolition and improvement with greater haste, assuming permits from local authorities were forthcoming.

Defendants may not impose their own construction timetable on plaintiff under the banner of just compensation. Defendant's choice between undertaking the road project themselves or watching their investment fail is not a consequence of the taking, but of their market decision to presume that they could take advantage of an expected public works project. When that project met delay caused by a public funding problem, defendants were not deprived of value inherent in the land or made to suffer noxious effects of the taking. They instead lost a convenient coincidence to which

they had no claim in the first place. Allowing evidence of the paving would invite the jury to enrich defendants at the public's expense, which is not just compensation. *VanElslander, supra* at 129. Nor does excluding the evidence impermissibly enrich the public at defendants' expense. *Id.* Defendants made a business decision to secure their investment as soon as possible. They got what they paid for and cannot now impose the price of their business decision on plaintiff as a matter of just compensation.

The trial court erred in admitting appraisals of defendants' property that took into consideration the posttaking road construction delay because the claimed severance damages were not caused by the taking.

Reversed and remanded for further proceedings. We do not retain jurisdiction.