*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VILLAGE OF CLINTON,

        Plaintiff-Appellee,

v

CLINTON US-12, LLC,

        Defendant-Appellant.

UNPUBLISHED
February 13, 2025
11:02 AM

No. 370148
Lenawee Circuit Court
LC No. 23-007098-CC

Before: RIORDAN, P.J., and O'BRIEN and GARRETT, JJ.

PER CURIAM.

In this condemnation action, defendant appeals as of right an order granting summary disposition to plaintiff under MCR 2.116(C)(10) (no genuine issue of material fact). We affirm.

## I. FACTS

Defendant is the owner of industrial property located at 303 West Michigan Avenue in the Village of Clinton (the Property). In 2021, plaintiff initiated a sidewalk improvement project to increase sidewalk access for disabled individuals consistent with the Americans with Disabilities Act. Plaintiff thereafter requested defendant's consent to allow plaintiff to grade 617.5 square feet of land near a loading dock on the Property for the purpose of replacing and repairing a sidewalk adjacent to the loading dock. Plaintiff initially offered $57.40 as just compensation for the temporary taking, but later increased its offer to $250. Defendant rejected plaintiff's offers, and plaintiff subsequently filed a complaint for condemnation under the Uniform Condemnation Procedures Act (UCPA), MCL 213.51 *et seq.*, to acquire a temporary grading easement on the Property.

Plaintiff thereafter filed a motion for summary disposition under MCR 2.116(C)(10), arguing that the necessity of the condemnation was conclusively presumed to exist because defendant did not file a motion in the trial court challenging the necessity as required by MCL 213.56(1), and there was no genuine issue of material fact as to whether plaintiff's $250 offer was a reasonable offer consistent with the fair market value of the portion of the Property for which plaintiff sought temporary condemnation. In response, defendant did not dispute that plaintiff was entitled to condemnation under the UCPA, but argued that plaintiff had failed to obtain an appraisal of the Property, and genuine issues of material fact existed as to the value of the Property and whether plaintiff's $250 offer constituted just compensation.

Defendant further argued that the proposed condemnation would destroy the practical use and value of the Property by "destroying the only viable location for the placement of" the loading dock. After hearing oral argument on the motion, the trial court found that there were no genuine issues of material fact and that plaintiff's $250 offer constituted just compensation for the temporary condemnation. The trial court therefore granted summary disposition to plaintiff.

Defendant subsequently filed a motion for reconsideration, reiterating the arguments raised in its response to the motion for summary disposition. The trial court denied that motion. Defendant now appeals.

## II. DISCUSSION

Defendant argues that the trial court erred by granting summary disposition to plaintiff because genuine issues of material fact exist as to the value of the Property and whether the $250 offer by plaintiff constitutes just compensation. We disagree.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Newton v Progressive Marathon Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364569); slip op at 3. A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Id*. A trial court considering a motion under MCR 2.116(C)(10) "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. (quotation marks and citation omitted). The motion is properly granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id*. A party moving for summary disposition under MCR 2.116(C)(10) may satisfy its burden by "submitting affirmative evidence that negates an essential element of the nonmoving party's claim or by demonstrating to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016) (cleaned up). Once the moving party satisfies this burden, the nonmoving party has the burden of setting forth specific facts showing a genuine issue of material fact exists. *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Newton*, ___ Mich App at ___; slip op at 3 (quotation marks and citation omitted). This Court also reviews de novo "the interpretation and application of the UCPA . . . ." *Indiana Mich Power Co v Community Mills, Inc*, 336 Mich App 50, 53; 969 NW2d 354 (2020).

"The Takings Clauses of the Michigan and United States Constitutions both prohibit the taking of private property for public use without just compensation." *Gym 24/7 Fitness, LLC v Mich*, 341 Mich App 238, 260; 989 NW2d 844 (2022) (quotation marks and citation omitted). A taking may be either temporary or permanent, and even a temporary taking can require just compensation under the Takings Clauses. *Id*. at 263. The UCPA governs the acquisition of private property by public authorities through eminent domain. *Washtenaw Co Bd of Co Rd Comm'rs v Shankle*, 327 Mich App 407, 414; 934 NW2d 279 (2019) (quotation marks and citation omitted). "The purpose of the UCPA is to ensure that the guarantee of 'just compensation' found in the Michigan Constitution is honored." *Indiana Mich Power Co*, 336 Mich App at 54 (citation omitted).

Relevant to the issue on appeal, the UCPA provides that a government agency must establish an amount it believes to be just compensation for the purchase of private property before initiating negotiations with the property owner, and " 'promptly shall submit to the owner a good faith written offer

to acquire the property for the full amount so established.' " *Id*. at 55, quoting MCL 213.55(1). If the agency prepares an appraisal of the property, the agency must provide the property owner and his or her attorney an opportunity to review the written appraisal; if the agency does not prepare an appraisal, the agency must submit to the property owner and his or her attorney a written statement and summary demonstrating the basis for the amount offered as just compensation. *Indiana Mich Power Co*, 336 Mich App at 55. When the agency and property owner are unable to agree on the purchase of the property, the agency may file a complaint to acquire the property in the circuit court in the county where the property is located after making a good-faith written offer to purchase the property. *Id*. Defendant concedes that plaintiff "can take the property under condemnation proceeding [sic] pursuant to the UCPA and Summary disposition is appropriate as it relates to the issue of condemnation," but argues that a genuine issue of material fact exists as to the value of the Property and whether the $250 offer by plaintiff constitutes just compensation. We disagree.

Turning first to defendant's argument concerning the value of the Property, defendant failed to establish the existence of a genuine issue of material fact as to the Property's value. In support of its motion for summary disposition, plaintiff submitted to the trial court a parcel report which indicated that the state equalized value (SEV) of the Property was $64,800 as of June 2023. Relying on MCL 211.27a(1), which provides that the state must assess property at 50% of its true cash value, plaintiff calculated the fair market value of the Property to be $124,600. Thus, the value per square foot of the Property was calculated at $0.92, which plaintiff rounded up to $0.93.[1] Plaintiff only sought a temporary taking of 617.5 square feet of the 135,384.48 square foot property. Thus, plaintiff calculated the fair market value of the portion of the Property it sought to temporarily take as $574.30. In response, defendant did not offer any documentary evidence disputing plaintiff's calculation of the fair market value of the whole Property or the portion of the Property plaintiff sought to temporarily take. Instead, defendant asserted that a genuine issue of material fact existed as to the Property's value because plaintiff did not obtain an appraisal of the Property.

Defendant's argument as to the fair market value of the Property is unpersuasive for two reasons. First, in support of this argument on appeal, defendant quotes the following excerpt from MCL 213.55(1):

> Before initiating negotiations for the purchase of property, the agency shall establish an amount that it believes to be just compensation for the property and promptly shall submit to the owner a good faith written offer to acquire the property for the full amount so established . . . . The amount shall not be less than the agency's appraisal of just compensation for the property.

---

[1] We note that the $124,600 fair market value identified by plaintiff for the Property appears to be a mathematical error, as $64,800 is 50% of $129,600. Defendant did not challenge plaintiff's arithmetic in the trial court, nor does defendant challenge it on appeal. Rather, defendant asserts that a genuine issue of material fact exists as to the value of the Property. Moreover, plaintiff's $250 offer was nearly five times its fair-market-value calculation for the portion of the Property for which condemnation was sought. Thus, plaintiff's mathematical error is immaterial to the issue presented on appeal.

Defendant omits from its recitation of MCL 213.55(1), however, that this subsection does not require a government agency seeking condemnation to obtain an appraisal of the property for which condemnation is sought. Rather, MCL 213.55(1) goes on to provide that:

> The agency shall provide the owner of the property and the owner's attorney with an opportunity to review the written appraisal, *if an appraisal has been prepared, or if an appraisal has not been prepared, the agency shall provide the owner or the owner's attorney with a written statement and summary, showing the basis for the amount the agency established as just compensation for the property.* [MCL 213.55(1) (emphasis added).]

Thus, plaintiff was not required by MCL 213.55(1) to obtain an appraisal of the Property, and plaintiff complied with MCL 213.55(1) by submitting with its written offer to defendant a valuation statement detailing how it calculated the fair market value of the Property and its $250 offer for just compensation. Moreover, pursuant to MCR 2.116(G)(4),

> [w]hen a motion under subrule (C)(10) is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, judgment, if appropriate, shall be entered against him or her. [*Lowrey*, 500 Mich at 7, quoting MCR 2.116(G)(4).][2]

Accordingly, to establish the existence of a genuine issue of material fact as to the value of the Property, defendant was required to submit affidavits or other documentary evidence setting forth specific facts demonstrating an issue of material fact. Defendant presented no such documentary evidence. Defendant attached to its response to the motion for summary disposition the affidavit of A.J. Brown, defendant's owner, and correspondence from Hanna Commercial Real Estate employee Patrick J. Hoffman, but neither of those documents set forth any specific facts as to the value of the Property. Defendant, therefore, failed to establish the existence of a genuine issue of material fact as to the value of the Property, and defendant's argument that the trial court erred by granting summary disposition on this basis is unpersuasive.

Defendant's argument that a genuine issue of material fact exists as to whether plaintiff's $250 offer constitutes just compensation for the temporary taking also is unpersuasive. "Under Michigan law, 'just compensation' means the proper amount of compensation for condemned property after taking into account all the factors relevant to market value." *Indiana Mich Power Co*, 336 Mich App at 54. Further, "a guiding principle when awarding just compensation in a condemnation suit is to neither enrich the individual at the expense of the public nor the public at the expense of the individual but to leave him in

---

[2] MCR 2.116 has been amended numerous times since our Supreme Court's decision in *Lowrey* through the adoption of Administrative Order No. 2015-24, 500 Mich clxxxvi (2017), and Administrative Order No. 2002-37, 503 Mich cxxvii (2018) and 504 Mich cxcvi (2020). These amendments did not alter the language of MCR 2.116(G)(4). Thus, citations and references to MCR 2.116(G)(4) in this opinion refer to the version in effect at the time of the order granting summary disposition to plaintiff.

as good a position as if his lands had not been taken." *Mich Dep't of Transp v Tomkins*, 481 Mich 184, 198; 749 NW2d 716 (2008) (quotation marks and citation omitted). In the context of a partial taking, the proper measure of just compensation consists of the fair market value of the property taken, plus severance damages, which are damages to the remaining property caused by the partial taking, if applicable. *Oakland Co Bd of Co Rd Comm'rs v JBD Rochester, LLC*, 271 Mich App 113, 115; 718 NW2d 845 (2006). Severance damages are measured by "calculating the difference between the market value of the property not taken before and after the taking." *Dep't of Transp v Sherburn*, 196 Mich App 301, 305; 492 NW2d 517 (1992). "To calculate severance damages, the parties may present evidence of the cost to cure." *Id*. at 306. Further,

> [i]n cases involving a temporary taking, the best approach is a flexible approach that will compensate for losses actually suffered while avoiding the threat of windfalls to plaintiffs at the expense of substantial governmental liability. The best approach in that case is to base the just compensation award on the fair market value of the property. The Court noted in *Miller Bros* [*v Dep't of Natural Resources*, 203 Mich App 674; 513 NW2d 217 (1994),] that because the state is temporarily depriving plaintiffs of the use of their property, much like a renter, the state should be required to pay "rent" to plaintiffs as compensation for the temporary taking. [*Merkur Steel Supply Inc v Detroit*, 261 Mich App 116, 134-135; 680 NW2d 485 (2004) (quotation marks and citations omitted).]

In its motion for summary disposition, plaintiff argued that the fair market value of the portion of Property for which it sought temporary condemnation had a value of $574.30, and because plaintiff only sought a temporary condemnation of that portion of the Property, plaintiff calculated the just compensation for the temporary taking as 10% of $574.30, or $57.43. In addition, plaintiff included in its good-faith offer to defendant an additional $192.57 in compensation, for a total of $250 as just compensation for the temporary taking.[3] Although defendant argued in response that the proposed temporary taking would "destroy the obvious value of the entire property by destroying the only viable location for the placement of a semi-truck dock," thereby "destroying the practical use and value of the commercial space," defendant presented no documentary evidence supporting this assertion. Brown averred in his affidavit that his real estate agent, Hoffman, opined that there would be no viable commercial use for the building on the Property "if the truck dock is destroyed as planned by Plaintiff," and Hoffman indicated in his letter that the value of the Property would be seriously diminished "if the Truck Dock is inoperative because of the changing of the elevation of the sidewalk and the wall." But defendant presented no documentary evidence that the project for which plaintiff sought temporary condemnation would destroy the loading dock or render it inoperative, nor did defendant present any documentary evidence establishing the cost

---

[3] In its motion for summary disposition, plaintiff asserted that "the value for a temporary permit is 10% of the total value of the area involved," which it based on "percentages developed by the State of Michigan, and specifically its Department of Transportation for determining the value for condemned properties in association with road projects." Plaintiff did not provide any documentary evidence in support of this assertion, nor did plaintiff identify a statute, regulation, or other authority setting forth the value for a temporary permit. However, defendant did not dispute in the trial court, nor on appeal, plaintiff's assertion concerning the value for a temporary permit as set forth by the MDOT. Instead, defendant argued that a question of fact existed as to whether the $250 offer constituted just compensation in light of purported severance damages.

to cure the purported damages to the remainder of the Property as a result of the temporary condemnation. Defendant merely relied on its assertions that the value of the Property would be severely diminished by the temporary condemnation. Because defendant presented no documentary evidence establishing the existence of a genuine issue of material fact as to whether the temporary condemnation would cause severance damages, nor the extent of any such damages, defendant failed to establish a genuine issue of material fact regarding whether plaintiff's $250 offer constitutes just compensation for the temporary taking.

Finally, defendant briefly argues that the trial court erred by granting summary disposition to plaintiff because the parties did not conduct any discovery. This argument also is unpersuasive. As an initial matter, the pretrial scheduling order entered by the trial court provided for the completion of discovery on or before December 1, 2023, which is 13 days before plaintiff filed its motion for summary disposition. Defendant does not argue that plaintiff failed to respond to discovery requests or otherwise failed to comply with its discovery obligations. Thus, it appears that defendant had an opportunity to engage in discovery and, to the extent no discovery was conducted, opted not to seek discovery from plaintiff. Moreover, although a decision to grant summary disposition generally is premature if discovery is ongoing, "summary disposition may still be appropriate before the conclusion of discovery if there is no fair likelihood that further discovery would yield support for the nonmoving party." *Redmond v Heller*, 332 Mich App 415, 448; 957 NW2d 357 (2020). Defendant does not articulate how further discovery would have yielded support for its assertion that genuine issues of material fact existed as to the value of the Property and whether the $250 offer constituted just compensation. Thus, even if discovery had not been completed before plaintiff filed its summary-disposition motion, defendant has failed to demonstrate that there is a fair likelihood that further discovery would yield support for its positions.

Accordingly, because defendant failed to establish the existence of a genuine issue of material fact, defendant has not established that the trial court erred by granting summary disposition to plaintiff.

## III. CONCLUSION

The trial court correctly granted summary disposition in favor of plaintiff. We affirm.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Kristina Robinson Garrett